**Zarak Baron SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–96–00481–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 8, 1997.

Mark J. Kelly, Houston, for appellant.

Denise V. Wilkerson, Galveston, for appellee.

Before COHEN, NUCHIA and ANDELL, JJ.

**OPINION**

NUCHIA, Justice.

Appellant entered a plea of nolo contendere to the charge of aggravated sexual assault with no plea bargain. The trial court found appellant guilty and sentenced him to 25 years in prison. We affirm.

**BACKGROUND**

In conjunction with his nolo contendere plea, appellant endorsed a document entitled

"WRITTEN PLEA ADMONISHMENTS–WAIVERS–STIPULATIONS." A section of this document contains appellant's stipulation under the heading "NOLO CONTENDERE PLEA." Appellant's signature appears below that section. In his evidentiary "stipulation," appellant agreed that the allegations recited in the indictment "constitute the evidence in this case." Following the entry of appellant's plea, and without objection from either party, the trial court heard evidence relevant to punishment.

## DISCUSSION

■ In his two points of error, appellant now contends his stipulation was insufficient to support his conviction and that there was no evidence to support the trial court's judgment.

■ The legal effect of a plea of nolo contendere is the same as a plea of guilty. *See Stone v. State,* 919 S.W.2d 424, 426 (Tex. Crim.App.1996). A plea of guilty is sufficient of itself to support a conviction under federal constitutional review. *Ex parte Williams,* 703 S.W.2d 674, 682 (Tex.Crim.App.1986). Therefore, the only question before us is: Was there sufficient evidence to satisfy article 1.15 of the Code of Criminal Procedure? *See* TEX.CODE CRIM.P. ANN. art. 1.15 (Vernon 1977 & Supp.1997).

Article 1.15 provides that, when a defendant pleads guilty or nolo contendere to a felony, the State must introduce evidence showing the guilt of the defendant. That evidence, however, may be stipulated to by the defendant. *See* TEX.CODE CRIM.P. ANN. art. 1.15. The evidence shall be accepted by the court as the basis for its judgment, and it must be sufficient to support the judgment. *See* TEX.CODE CRIM.P. ANN. art. 1.15.

■ It is clear that in reviewing whether a plea of guilty or nolo contendere meets the requirements of article 1.15, we must look to see if there was some evidence showing the defendant engaged in the criminal conduct, sufficient to support the trial court's judgment of guilt.

Here, appellant entered into the following stipulation:

*I* freely and voluntarily plead NOLO CONTENDERE (NO CONTEST) to the indictment ... by which I have been charged in this cause and *agree that the elements of the offense alleged therein constitute the evidence in this case.*

(Emphasis added.)

Appellant "stipulates" that the allegations of the indictment itself "constitute the evidence in this case." By agreeing to this, the parties have in effect agreed that, were the State to present its evidence, the evidence would be that on or about the 24th day of July, 1994, Zarak Baron Scott did intentionally and knowingly cause the penetration of the female sexual organ of a child, Jamillah Parish, by using his penis, and Jamillah Parrish was at the time younger than fourteen years of age.

The Court of Criminal Appeals has routinely found a stipulation as to what witnesses would testify had they been present at trial is sufficient to support a conviction in the context of article 1.15. *See, e.g., Stone,* 919 S.W.2d. at 426. The stipulation here is certainly no model, but it is the functional equivalent of a stipulation embracing every element of the offense charged. We conclude, therefore, there is sufficient evidence to establish the guilt of appellant.

We overrule appellant's points of error.

We affirm the judgment of the trial court.