IN RE MH

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-318-CV

IN THE MATTER OF M.H. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from an adjudication of delinquent conduct.  The juvenile court found that M.H. engaged in delinquent conduct by committing the offense of criminal mischief
(footnote: 2) when he keyed a school worker’s vehicle in his junior high parking lot.  In two points, M.H. challenges the legal and factual sufficiency of the evidence to support the juvenile court’s judgment of delinquency.  We affirm.

During a bench trial, the State and M.H.’s attorney stipulated that the amount of damages to the vehicle was $1,893.86.  Pursuant to the stipulation, the State admitted a two-page, handwritten estimate that did not identify the vehicle to be repaired to support the pecuniary value of the damages to the school worker’s vehicle.  M.H.’s attorney did not object to the admission of the exhibit and agreed to the stipulation without any objections.  The State had previously stated that its expert was present, but it did not call the expert to testify.  The juvenile court adjudicated M.H. delinquent of the felony offense of criminal mischief in the amount of $1,500 or more but less than $20,000, and placed M.H. on six months’ probation.  
Id.
 § 28.03(b)(4).  On appeal, M.H. claims that the evidence is legally and factually insufficient to support the juvenile court’s judgment because the exhibit supporting the amount of pecuniary loss is no evidence at all since it does not identify the vehicle to be repaired and there was no expert evidence concerning the amount of damages to the vehicle.   

Fundamental due process requires that criminal responsibility for an offense be proved beyond a reasonable doubt.  
U.S. Const
. amend. XIV;  
Alvarado v. State
, 912 S.W.2d 199, 206-07 (Tex. Crim. App. 1995) (citing 
In re Winship
, 397 U.S. 358, 364, 90 S. Ct. 1068, 1072-73 (1970)).  When juvenile appellants complain that the evidence is legally insufficient to support an adjudication of delinquency, we apply the criminal standard of review, which is more stringent than the "no evidence" standard applicable in civil cases.  
In re J.D.P.
, 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.).  The relevant question is not whether there was any evidence to support a conviction, but whether there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).  In reviewing the legal sufficiency of the evidence under the criminal standard, we view all the evidence in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the fact finder.  
Williams v. State
, 937 S.W.2d 479, 483 (Tex. Crim. App. 1996).  Consequently, we will not disturb the fact finder's decision unless it is irrational or unsupported by a "mere modicum" of the evidence.  
See Moreno v. State
, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

We also apply the criminal factual sufficiency standard of review to appeals from juvenile adjudications.  
In re B.P.H.
, 83 S.W.3d 400, 407 (Tex.  App.—Fort Worth 2002, no pet.).  
In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.   

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

M.H. only complains of the sufficiency of the stipulated evidence concerning the pecuniary value of the damages to the vehicle.  A stipulation, standing alone, is sufficient to support a verdict.  
See Stone v. State, 
919 S.W.2d 424, 427 (Tex. Crim. App. 1996); 
Scott v. State, 
945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  Therefore, without addressing whether M.H. preserved his complaints for review, we hold that the evidence stipulated to by M.H. and the State was both legally and factually sufficient to support the juvenile court’s judgment.  

We overrule both of M.H.’s points and affirm the juvenile court’s judgment of delinquency.

ANNE GARDNER

JUSTICE

PANEL F: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  January 20, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
A person commits the offense of criminal mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner.  
Tex. Penal Code Ann.
 § 28.03(a)(1) (Vernon Supp. 2004-05).