COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-318-CV
 
 
 
IN 
THE MATTER OF M.H.
 
 
------------
 
FROM 
THE 323RD DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from an adjudication of delinquent conduct.  The juvenile 
court found that M.H. engaged in delinquent conduct by committing the offense of 
criminal mischief[2] when he keyed a school worker’s 
vehicle in his junior high parking lot.  In two points, M.H. challenges the 
legal and factual sufficiency of the evidence to support the juvenile court’s 
judgment of delinquency.  We affirm.
        During 
a bench trial, the State and M.H.’s attorney stipulated that the amount of 
damages to the vehicle was $1,893.86.  Pursuant to the stipulation, the 
State admitted a two-page, handwritten estimate that did not identify the 
vehicle to be repaired to support the pecuniary value of the damages to the 
school worker’s vehicle. M.H.’s attorney did not object to the admission of 
the exhibit and agreed to the stipulation without any objections.  The 
State had previously stated that its expert was present, but it did not call the 
expert to testify.  The juvenile court adjudicated M.H. delinquent of the 
felony offense of criminal mischief in the amount of $1,500 or more but less 
than $20,000, and placed M.H. on six months’ probation.  Id. § 
28.03(b)(4).  On appeal, M.H. claims that the evidence is legally and 
factually insufficient to support the juvenile court’s judgment because the 
exhibit supporting the amount of pecuniary loss is no evidence at all since it 
does not identify the vehicle to be repaired and there was no expert evidence 
concerning the amount of damages to the vehicle.
        Fundamental 
due process requires that criminal responsibility for an offense be proved 
beyond a reasonable doubt.  U.S. 
Const. amend. XIV; Alvarado v. State, 912 S.W.2d 199, 206-07 (Tex. 
Crim. App. 1995) (citing In re Winship, 397 U.S. 358, 364, 90 S. Ct. 
1068, 1072-73 (1970)).  When juvenile appellants complain that the evidence 
is legally insufficient to support an adjudication of delinquency, we apply the 
criminal standard of review, which is more stringent than the "no 
evidence" standard applicable in civil cases.  In re J.D.P., 85 
S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.).  The relevant 
question is not whether there was any evidence to support a conviction, but 
whether there was sufficient evidence to justify a rational trier of fact to 
find guilt beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 
307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).  In reviewing the legal 
sufficiency of the evidence under the criminal standard, we view all the 
evidence in the light most favorable to the judgment in order to determine 
whether any rational trier of fact could have found the essential elements of 
the crime beyond a reasonable doubt.  Jackson, 443 U.S. at 319, 99 
S. Ct. at 2789; Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 
2001).  This standard gives full play to the responsibility of the trier of 
fact to resolve conflicts in the testimony, to weigh the evidence, and to draw 
reasonable inferences from basic facts to ultimate facts.  Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  Our duty is not to reweigh the 
evidence from reading a cold record but to act as a due process safeguard 
ensuring only the rationality of the fact finder.  Williams v. State, 
937 S.W.2d 479, 483 (Tex. Crim. App. 1996).  Consequently, we will not 
disturb the fact finder's decision unless it is irrational or unsupported by a 
"mere modicum" of the evidence.  See Moreno v. State, 755 
S.W.2d 866, 867 (Tex. Crim. App. 1988).
        We 
also apply the criminal factual sufficiency standard of review to appeals from 
juvenile adjudications.  In re B.P.H., 83 S.W.3d 400, 407 (Tex. 
App.—Fort Worth 2002, no pet.).  In reviewing the factual sufficiency of 
the evidence to support a conviction, we are to view all the evidence in a 
neutral light, favoring neither party.  See Zuniga v. State, 144 
S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered 
in a factual sufficiency review is whether, considering the evidence in a 
neutral light, the fact finder was rationally justified in finding guilt beyond 
a reasonable doubt.  Id. at 484.  There are two ways evidence 
may be factually insufficient:  (1) the evidence supporting the verdict or 
judgment, considered by itself, is too weak to support the finding of guilt 
beyond a reasonable doubt; or (2) when there is evidence both supporting and 
contradicting the verdict or judgment, weighing all of the evidence, the 
contrary evidence is so strong that guilt cannot be proven beyond a reasonable 
doubt.  Id. at 484-85.  “This standard acknowledges that 
evidence of guilt can ‘preponderate’ in favor of conviction but still be 
insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id. at 485.  In other words, evidence supporting a guilty finding 
can outweigh the contrary proof but still be insufficient to prove the elements 
of an offense beyond a reasonable doubt.  Id.
        A 
proper factual sufficiency review requires an examination of all the evidence.  
Id. at 484, 486-87.  An opinion addressing factual sufficiency must 
include a discussion of the most important and relevant evidence that supports 
the appellant’s complaint on appeal.  Sims v. State, 99 S.W.3d 
600, 603 (Tex. Crim. App. 2003).
        M.H. 
only complains of the sufficiency of the stipulated evidence concerning the 
pecuniary value of the damages to the vehicle.  A stipulation, standing 
alone, is sufficient to support a verdict.  See Stone v. State, 919 
S.W.2d 424, 427 (Tex. Crim. App. 1996); Scott v. State, 945 S.W.2d 347, 
348 (Tex. App.—Houston [1st Dist.] 1997, no pet.).  Therefore, without 
addressing whether M.H. preserved his complaints for review, we hold that the 
evidence stipulated to by M.H. and the State was both legally and factually 
sufficient to support the juvenile court’s judgment.
        We 
overrule both of M.H.’s points and affirm the juvenile court’s judgment of 
delinquency.
 
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL 
F:   HOLMAN, GARDNER, and WALKER, JJ.
 
DELIVERED: 
January 20, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
A person commits the offense of criminal mischief if, without the effective 
consent of the owner, he intentionally or knowingly damages or destroys the 
tangible property of the owner.  Tex. 
Penal Code Ann. § 28.03(a)(1) (Vernon Supp. 2004-05).