

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-11-00194-CR

MATTHEW CAMERON
HANSBERGER

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Matthew Cameron Hansberger pled guilty to aggravated sexual assault of a child, and the trial court sentenced him to twenty years' confinement. In two issues, Appellant contends that there is no evidence to support his guilty plea as required by article 1.15 of the Texas Code of Criminal Procedure and that his lawyer rendered ineffective assistance of counsel. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

In connection with his guilty plea, Appellant executed a judicial confession that stated,

> Upon my oath I swear my true name is Matthew Hansberger and I am 39 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses . . . . I swear to the truth of all of the foregoing . . . .

On the page immediately following the judicial confession, Appellant's attorney, the prosecutor, and the trial court signed Appellant's waivers, which included the following:

> In open court we join and approve the waiver of jury trial . . . and the stipulations of evidence pursuant to Art. 1.15, Code of Criminal Procedure . . . . It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

Texas Code of Criminal Procedure article 1.15 provides,

> No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005).

The appellate standard of review announced in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979) is not applicable where the defendant enters a plea of nolo contendere or guilty. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.——Fort Worth 2007, pet. ref'd). An appellate court will affirm the trial court's judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant's guilt. *Id.*; *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.——Dallas 1996, no pet.). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g).

Here, Appellant executed a judicial confession stating that he had read the indictment and had committed each and every act alleged therein. When the trial court asked Appellant in open court, "To the charge of aggravated sexual assault of a child under 14 years of age you may plead guilty or not guilty. What is your plea?" he responded, "Guilty, Your Honor." Appellant then responded affirmatively to each of the following questions from the trial court: "Are you pleading guilty freely and voluntarily?" and "[A]re you agreeing that the allegations that are stated here in the indictment are true and correct?" Appellant also executed a waiver that provided, "It is agreed that the Court may take

3

judicial notice of this document and the Court takes judicial notice of same."
Appellant's attorney's and the trial court's signatures appear under this provision.

When a trial court takes judicial notice of adjudicative facts, it authorizes the factfinder to accept the facts as true without requiring formal proof. *Watts v. State*, 99 S.W.3d 604, 609–10 (Tex. Crim. App. 2003). Thus, as here, when the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession in evidence. *Chindaphone*, 241 S.W.3d at 219; *accord McDougal v. State,* 105 S.W.3d 119, 120–21 (Tex. App.—Fort Worth 2003, pet. ref'd) (recognizing that "[t]he contents of the clerk's record are not evidence *unless the trial court takes judicial notice of them* or they are offered into evidence") (emphasis added). And when the accused specifically states in the judicial confession, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession standing alone is sufficient to support a guilty plea under article 1.15 of the code of criminal procedure. *See, e.g., Dinnery*, 592 S.W.2d at 353; *Tabora v. State,* 14 S.W.3d 332, 337–38 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that form "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by appellant sufficiently supported plea of no contest under article 1.15); *Scott v. State*, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that appellant's stipulation that he "agree[d] that the elements of the offense alleged [in the indictment] constitute the evidence in this case" sufficiently supported a plea of no contest under article 1.15).

Appellant speculates that in *Chindaphone*, a case in which this court held that a written judicial confession and judicial notice language identical to that used in this case was sufficient to satisfy article 1.15, the trial court either *formally* admitted in evidence or *formally* took judicial notice of the judicial confession. Without citing any authority, he contends that a trial court must take one of these additional steps during the plea hearing before the "self-executing" judicial notice of the confession language becomes effective. We are not persuaded by Appellant's speculation unaccompanied by cited authority.

Here, Appellant executed a judicial confession that embraced every constituent element of the charged offense, and he confessed to the truth and correctness of the allegations in the indictment. *See Menefee v. State*, 287 S.W.3d 9, 13–15 (Tex. Crim. App. 2009). His attorney, along with the prosecutor and the trial court signed a document stating that it was agreed that the trial court "may take judicial notice of" and "takes judicial notice of" the plea papers containing written admonishments, waivers, and Appellant's signed judicial confession. We hold that the trial court need not have taken the additional step of formally admitting the confession in evidence or orally taking notice of it. *See Dinnery*, 592 S.W.2d at 353; *Chindaphone*, 241 S.W.3d at 219. As shown by the trial judge's signature, the trial court explicitly took judicial notice of the plea papers and approved the waiver and consent as required by article 1.15. Accordingly, we overrule Appellant's first issue.

In his second issue, Appellant contends that his trial lawyer rendered ineffective assistance of counsel for not objecting to the following remark by the prosecutor made in response to defense counsel's argument that Appellant had taken responsibility for the offense:

> Your Honor, that's the one thing that this defendant has not done in this case and that is take responsibility for his guilt. The very first thing on the first page of the PSI, actually it's page two under defendant's version, paragraph four says, he initially omitted or minimized significant events in his life. The Defendant only admitted partial guilt for this offense and denied penetrating the victim, which is what he pled guilty to.

Appellant was charged in two counts with aggravated sexual assault of a child: in the first count by contact and in the second by penetration. On the record, he pled guilty to aggravated sexual assault of a child; there was no distinction made as to which count or which manner and means. The plea admonishments, however, indicate that he pled only to the first count, which alleged contact. Appellant now argues that, by his statement above, the prosecutor meant that Appellant was pleading guilty to the second count, which alleged penetration rather than the first, which alleged contact. We disagree with this interpretation of the prosecutor's remark, which we think is ambiguous, at worst. But even if we were to accept Appellant's characterization that the prosecutor misspoke, Appellant has not met his burden to show that counsel's not objecting to the prosecutor's statement fell below the standard of prevailing professional norms, nor can it be determined from the record before us how, if at all, counsel's not objecting in this instance affected the result of the proceeding. *See Strickland v.*

6

*Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim App. 1999). Even if the prosecutor's argument was improper, an isolated instance of a failure to object to improper argument does not necessarily render counsel ineffective. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Moreover, there is nothing in the record to indicate that the trial court was confused by the charge to which Appellant pled guilty or that the prosecutor's statement misled the trial court. We overrule Appellant's second issue.

Having overruled both of Appellant's issues, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 7, 2012