02-11-194-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00194-CR


 
 
 Matthew Cameron Hansberger
 
 
  
 
 
 APPELLANT
 
 
 
 
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 396th
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Matthew Cameron Hansberger pled guilty to aggravated sexual assault of a child,
and the trial court sentenced him to twenty years’ confinement.  In two issues,
Appellant contends that there is no evidence to support his guilty plea as
required by article 1.15 of the Texas Code of Criminal Procedure and that his
lawyer rendered ineffective assistance of counsel.  We affirm.

          In
connection with his guilty plea, Appellant executed a judicial confession that
stated,

Upon my oath I swear
my true name is Matthew Hansberger and I am 39 years of age; I have read the
indictment or information filed in this case and I committed each and every act
alleged therein, except those acts waived by the State.  All facts alleged in
the indictment or information are true and correct.  I am guilty of the instant
offense as well as all lesser included offenses . . . .  I swear to the truth
of all of the foregoing . . . .

          On
the page immediately following the judicial confession, Appellant’s attorney,
the prosecutor, and the trial court signed Appellant’s waivers, which included
the following:

In open court we join
and approve the waiver of jury trial . . . and the stipulations of evidence
pursuant to Art. 1.15, Code of Criminal Procedure . . . . It is agreed that the
Court may take judicial notice of this document and the Court takes judicial
notice of same.

          Texas
Code of Criminal Procedure article 1.15 provides,

No person can be
convicted of a felony except upon the verdict of a jury duly rendered and
recorded, unless the defendant, upon entering a plea, has in open court in
person waived his right of trial by jury in writing in accordance with Articles
1.13 and 1.14; provided, however, that it shall be necessary for the state to
introduce evidence into the record showing the guilt of the defendant and said
evidence shall be accepted by the court as the basis for its judgment and in no
event shall a person charged be convicted upon his plea without sufficient
evidence to support the same.  The evidence may be stipulated if the defendant
in such case consents in writing, in open court, to waive the appearance,
confrontation, and cross-examination of witnesses, and further consents either
to an oral stipulation of the evidence and testimony or to the introduction of
testimony by affidavits, written statements of witnesses, and any other
documentary evidence in support of the judgment of the court.  Such waiver and
consent must be approved by the court in writing, and be filed in the file of
the papers of the cause.

Tex.
Code Crim. Proc. Ann. art. 1.15 (West 2005).

          The
appellate standard of review announced in Jackson v. Virginia, 443 U.S.
307, 99 S. Ct. 2781 (1979) is not applicable where the defendant enters a plea
of nolo contendere or guilty.  Chindaphone v. State, 241 S.W.3d 217, 219
(Tex. App.––Fort Worth 2007, pet. ref’d).  An appellate court will affirm the
trial court’s judgment under article 1.15 if the State introduced evidence that
embraces every essential element of the offense charged and that is sufficient
to establish the defendant’s guilt.  Id.; Wright v. State, 930
S.W.2d 131, 132 (Tex. App.––Dallas 1996, no pet.).  A judicial confession,
standing alone, is sufficient to sustain a conviction upon a guilty plea and to
satisfy the requirements of article 1.15.  Dinnery v. State, 592 S.W.2d
343, 353 (Tex. Crim. App. 1979) (op. on reh’g).

          Here,
Appellant executed a judicial confession stating that he had read the
indictment and had committed each and every act alleged therein.  When the
trial court asked Appellant in open court, “To the charge of aggravated sexual
assault of a child under 14 years of age you may plead guilty or not guilty. 
What is your plea?” he responded, “Guilty, Your Honor.”  Appellant then responded
affirmatively to each of the following questions from the trial court:  “Are you
pleading guilty freely and voluntarily?” and “[A]re you agreeing that the
allegations that are stated here in the indictment are true and correct?”  Appellant
also executed a waiver that provided, “It is agreed that the Court may take
judicial notice of this document and the Court takes judicial notice of same.”  Appellant’s
attorney’s and the trial court’s signatures appear under this provision.

          When
a trial court takes judicial notice of adjudicative facts, it authorizes the
factfinder to accept the facts as true without requiring formal proof.  Watts
v. State, 99 S.W.3d 604, 609–10 (Tex. Crim. App. 2003).  Thus, as here,
when the trial court takes judicial notice of a judicial confession, the State
is not required to introduce the judicial confession in evidence.  Chindaphone,
241 S.W.3d at 219; accord McDougal v. State, 105 S.W.3d 119, 120–21
(Tex. App.––Fort Worth 2003, pet. ref’d) (recognizing that “[t]he contents of
the clerk’s record are not evidence unless the trial court takes judicial
notice of them or they are offered into evidence”) (emphasis added).  And
when the accused specifically states in the judicial confession, “I have read
the indictment or information filed in this case and I committed each and every
act alleged therein,” the judicial confession standing alone is sufficient to
support a guilty plea under article 1.15 of the code of criminal procedure.  See,
e.g., Dinnery, 592 S.W.2d at 353; Tabora v. State, 14 S.W.3d 332,
337–38 (Tex. App.––Houston [14th Dist.] 2000, no pet.) (holding that form
“Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial
Confession” signed by appellant sufficiently supported plea of no contest under
article 1.15); Scott v. State, 945 S.W.2d 347, 348 (Tex. App.––Houston
[1st Dist.] 1997, no pet.) (holding that appellant’s stipulation that he
“agree[d] that the elements of the offense alleged [in the indictment]
constitute the evidence in this case” sufficiently supported a plea of no
contest under article 1.15).

          Appellant
speculates that in Chindaphone, a case in which this court held that a
written judicial confession and judicial notice language identical to that used
in this case was sufficient to satisfy article 1.15, the trial court either formally
admitted in evidence or formally took judicial notice of the judicial
confession.  Without citing any authority, he contends that a trial court must take
one of these additional steps during the plea hearing before the “self-executing”
judicial notice of the confession language becomes effective.  We are not
persuaded by Appellant’s speculation unaccompanied by cited authority.

          Here,
Appellant executed a judicial confession that embraced every constituent
element of the charged offense, and he confessed to the truth and correctness
of the allegations in the indictment.  See Menefee v. State, 287 S.W.3d
9, 13–15 (Tex. Crim. App. 2009).  His attorney, along with the prosecutor and
the trial court signed a document stating that it was agreed that the trial
court “may take judicial notice of” and “takes judicial notice of” the plea
papers containing written admonishments, waivers, and Appellant’s signed
judicial confession.  We hold that the trial court need not have taken the
additional step of formally admitting the confession in evidence or orally
taking notice of it.  See Dinnery, 592 S.W.2d at 353; Chindaphone,
241 S.W.3d at 219.  As shown by the trial judge’s signature, the trial court
explicitly took judicial notice of the plea papers and approved the waiver and
consent as required by article 1.15.  Accordingly, we overrule Appellant’s
first issue.

          In
his second issue, Appellant contends that his trial lawyer rendered ineffective
assistance of counsel for not objecting to the following remark by the prosecutor
made in response to defense counsel’s argument that Appellant had taken
responsibility for the offense:

Your Honor, that’s
the one thing that this defendant has not done in this case and that is take
responsibility for his guilt.  The very first thing on the first page of the
PSI, actually it’s page two under defendant’s version, paragraph four says, he
initially omitted or minimized significant events in his life.  The Defendant
only admitted partial guilt for this offense and denied penetrating the victim,
which is what he pled guilty to.

Appellant
was charged in two counts with aggravated sexual assault of a child:  in the
first count by contact and in the second by penetration.  On the record, he
pled guilty to aggravated sexual assault of a child; there was no distinction
made as to which count or which manner and means.  The plea admonishments,
however, indicate that he pled only to the first count, which alleged contact.  Appellant
now argues that, by his statement above, the prosecutor meant that Appellant was
pleading guilty to the second count, which alleged penetration rather than the
first, which alleged contact.  We disagree with this interpretation of the
prosecutor’s remark, which we think is ambiguous, at worst.  But even if we
were to accept Appellant’s characterization that the prosecutor misspoke, Appellant
has not met his burden to show that counsel’s not objecting to the prosecutor’s
statement fell below the standard of prevailing professional norms, nor can it
be determined from the record before us how, if at all, counsel’s not objecting
in this instance affected the result of the proceeding.  See Strickland v.
Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v.
State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim App. 1999).  Even if the prosecutor’s argument
was improper, an isolated instance of a failure to object to improper argument
does not necessarily render counsel ineffective.  See Robertson v. State,
187 S.W.3d 475, 483 (Tex. Crim. App. 2006).  Moreover, there is nothing in the
record to indicate that the trial court was confused by the charge to which
Appellant pled guilty or that the prosecutor’s statement misled the trial
court.  We overrule Appellant’s second issue.

          Having
overruled both of Appellant’s issues, we affirm the judgment of the trial
court.

 

LEE GABRIEL
JUSTICE

 

PANEL:  WALKER,
MCCOY, and GABRIEL, JJ.

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 7, 2012









[1]See Tex. R. App. P. 47.4.