

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00183-CR

CHRISTOPHER WILLIAM DAVIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1381546D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Christopher William Davis entered an open plea of guilty to the charge of aggravated robbery causing bodily injury to an elderly person, and after ordering a presentence investigation report (PSI) and hearing evidence at a punishment hearing, the trial court sentenced Davis to fifteen years'

---

[1]*See* Tex. R. App. P. 47.4.

incarceration.  In two points, Davis contends that there is insufficient evidence to support his guilty plea as required by article 1.15 of the Texas Code of Criminal Procedure and that his sentence is grossly disproportionate and unconstitutional. We will affirm.

## II. BACKGROUND

According to the PSI in this case, on August 11, 2014, and only five days after being released from jail for an unrelated theft charge, Davis snatched the purse of a ninety-three-year-old bank customer as she left the bank.  In the process, Davis pulled on the elderly woman's purse and dragged her a few feet. As a result, the elderly woman suffered bruising on her arm and shoulder.  She also suffered a "swollen jaw."

After being arrested, Davis admitted that he had taken the purse and that he had done so while under the influence of "many different things," including methamphetamine, marijuana, and alcohol.  Davis said that the reason he snatched the purse was to obtain money to buy drugs.

The remaining record indicates that the State charged Davis with aggravated robbery causing bodily injury to an elderly person.  Specifically, the State's indictment alleged that Davis had

> intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, cause[d] bodily injury to . . . a person 65 years of age or older, by forcefully removing a purse off of her arm with his hand.

2

Later, Davis entered an open plea of guilty to the charge of aggravated robbery. In doing so, Davis signed written plea admonishments wherein he acknowledged that he was pleading guilty to a first-degree felony that carried with it a sentencing range of not more than ninety-nine years or less than five years' incarceration. Davis also executed a judicial confession that stated,

> Upon my oath I swear my true name is Christopher Davis and I am 37 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense. . . . I swear to the truth of all of the foregoing . . . .

On the page immediately following his judicial confession, Davis's attorney, the prosecutor, and the trial court signed Davis's waiver, which included the following:

> In open court we join and approve the waiver of jury trial . . . and the stipulations of evidence pursuant to Art. 1.15, TEX. CODE OF CRIMINAL PROCEDURE. . . . It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same.

At the sentencing hearing, Davis acknowledged that he had reviewed the PSI with his attorney. At the hearing, the trial court again announced that Davis was pleading guilty to aggravated robbery and that this charge carried with it a sentencing range of not more than ninety-nine years or less than five years' incarceration. Also at the hearing, the State asked the trial court to take judicial notice of the PSI. The trial court did, and the trial court further announced that

3

"[t]he Court has identified [the PSI] and it's hereby admitted and will be placed under seal with the clerk of the court in the clerk's file."

Davis testified at the hearing and acknowledged that he had already admitted guilt in this case. Davis averred that at the time of the offense, he was under the influence of "[m]ethamphetamine, alcohol[,] and marijuana." Davis said that he had taken the purse from a ninety-three-year-old woman. But Davis denied that he had dragged the elderly woman, and he stated that he did not know he had hurt her. He also averred that he had looked up cases "like [his]" in a law library. When asked what type of cases he was referring to, Davis said, "Aggravated robbery to elderly."

At the hearing, the State also introduced evidence, which is also found in the PSI, that Davis's criminal record included previous charges for theft, criminal trespass, drug possession, and driving while intoxicated. After hearing the evidence, the trial court sentenced Davis to fifteen years' incarceration and entered judgment accordingly. This appeal followed.

### III. DISCUSSION

#### A. Sufficiency of the Evidence

In his first point, Davis contends that there is insufficient evidence to support his guilty plea as required by article 1.15 of the Texas Code of Criminal Procedure. We disagree.

4

Texas Code of Criminal Procedure article 1.15 provides,

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005).

The appellate standard of review announced in *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781 (1979), is not applicable where the defendant enters a plea of nolo contendere or guilty. *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd). An appellate court will affirm the trial court's judgment under article 1.15 if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant's guilt. *Id.*; *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). A judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15. *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979) (op. on reh'g).

5

Here, Davis executed a judicial confession stating that he had read the indictment and had committed each and every act alleged therein. Davis also executed a waiver that provided, "It is agreed that the Court may take judicial notice of this document and the Court takes judicial notice of same." The signatures of Davis's attorney, the prosecutor, and the trial court all appear under this provision.

Furthermore, Davis stated at the punishment hearing that he was admitting to the charge of aggravated robbery causing bodily injury to an elderly person. Moreover, Davis stated that he had looked up cases "like" his own in a law library and testified that the cases he had looked up were "[a]ggravated robbery to elderly."

Davis argues that the evidence is insufficient despite this record evidence because the State did not introduce his written judicial confession at the punishment hearing. But when a trial court takes judicial notice of adjudicative facts, it authorizes the factfinder to accept the facts as true without requiring formal proof. *Watts v. State*, 99 S.W.3d 604, 609–10 (Tex. Crim. App. 2003). Thus, as here, when the trial court takes judicial notice of a judicial confession, the State is not required to introduce the judicial confession into evidence. *Chindaphone*, 241 S.W.3d at 219; *accord McDougal v. State*, 105 S.W.3d 119, 120–21 (Tex. App.—Fort Worth 2003, pet. ref'd) (recognizing that "[t]he contents of the clerk's record are not evidence unless the trial court takes judicial notice of them or they are offered into evidence"). And when the accused specifically

6

states in the judicial confession, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession standing alone is sufficient to support a guilty plea under article 1.15 of the code of criminal procedure. *See, e.g.*, *Dinnery*, 592 S.W.2d at 353; *Tabora v. State*, 14 S.W.3d 332, 337–38 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding that form "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" signed by appellant sufficiently supported plea of no contest under article 1.15); *Scott v. State*, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (holding that appellant's stipulation that he "agree[d] that the elements of the offense alleged [in the indictment] constitute the evidence in this case" sufficiently supported a plea of no contest under article 1.15). We hold that the evidence is sufficient to support the trial court's judgment, and we overrule Davis's first point.

## B. The Sentence

In his second point, Davis contends that the trial court's sentence of fifteen years' incarceration is grossly disproportionate and unconstitutional. Specifically, Davis argues that his "actual conduct" was theft, a third-degree felony, and not aggravated robbery causing bodily injury to an elderly person, a first-degree felony. Thus, according to Davis, the trial court could only have considered a sentencing range between two and ten years' incarceration. *See* Tex. Penal Code Ann. § 12.34 (West 2011) (setting range of punishment on third-degree felony at "any term of not more than 10 years or less than 2 years"). Davis

7

expressly states that he is relying upon "the reasons explored and explained" in his first point—that there is insufficient evidence to support the trial court's judgment—to support his second point. But we have already overruled his first point and held that the evidence supports the trial court's judgment of aggravated assault causing bodily injury to an elderly person.

Aggravated assault causing bodily injury to an elderly person is a first-degree felony. Tex. Penal Code Ann. § 29.03(b) (West 2011). A first-degree felony is punishable by imprisonment for life or for not more than ninety-nine years or less than five years. Tex. Penal Code Ann. § 12.32(a) (West 2011). Thus, Davis's fifteen-year sentence is near the lower end of the sentencing range. The trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered." *See Adetomiwa v. State*, 421 S.W.3d 922, 928 (Tex. App.—Fort Worth 2014, no pet.); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Subject only to a very limited, "exceedingly rare" gross-disproportionality review, a punishment that falls within the legislatively prescribed range and that is based upon the sentencer's informed normative judgment is unassailable on appeal. *Ex parte Chavez*, 213 S.W.3d at 323–24. Because the sentence falls within the prescribed range of punishment for the offense to which Davis pleaded guilty and because Davis has failed to demonstrate how his sentence falls within those exceedingly rare cases of gross-disproportionality review, we overrule his second point.

## IV. CONCLUSION

Having overruled both of Davis's points on appeal, we affirm the trial court's judgment.

/s/ Bill Meier
BILL MEIER
JUSTICE

PANEL: WALKER, MEIER, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 23, 2016