# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-15-00237-CR

**Christopher Ray Weatherspoon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 71839, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Christopher Ray Weatherspoon was indicted for two counts of state-jail felony level theft. *See* Tex. Penal Code § 31.03(e)(4). He and the State completed a document titled, "Written Plea Agreement," which included a signed "Judicial Confession." In the signed confession, Weatherspoon stated that he was "guilty of the instant offense as well as all lesser included offenses." In a hearing on guilt/innocence, the State asked the trial court to take judicial notice of the file, "including the plea papers which will contain the defendant's plea of true and stipulation of the evidence," and Weatherspoon's attorney stated that he had no objection. The trial court said it would take notice of the file, accepted the guilty plea, and, after a hearing on punishment, entered a judgment of conviction sentencing Weatherspoon to two years' imprisonment.

On appeal, Weatherspoon argues that the trial court erred in accepting his guilty plea because the evidence was insufficient to show his guilt, *see* Tex. Code Crim. Proc. art. 1.15; that even if evidence produced at the sentencing hearing could be used to satisfy article 1.15, the evidence

was still insufficient; and alternatively, that the judgment of conviction should be corrected to reflect that there was no plea bargain. We affirm the trial court's judgment of conviction but modify the judgment to clarify that there was no plea bargain.

## Discussion

We will affirm a judgment of conviction under article 1.15 "if the State introduced evidence that embraces every essential element of the offense charged and that is sufficient to establish the defendant's guilt." *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex. App.—Fort Worth 2007, pet. ref'd) (citing *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.)). When the defendant's confession specifically states that he has read the charging instrument and admits to having committed each alleged act, the confession alone is sufficient to support a conviction on a guilty plea under article 1.15.[1] *Id*. at 220 (citing *Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh'g)).

---

[1] No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

Tex. Code Crim. Proc. art. 1.15

Included in the Written Plea Agreement were Weatherspoon's signed Judicial Confession and his signed declaration that he "declare[d] under penalty of perjury that all of the foregoing is true and correct." Weatherspoon's Judicial Confession, in its entirety, stated:

> Upon my oath I swear my true name is Chris Weatherspoon and I am ___ years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. All deadly weapon allegations are true and correct. All other affirmative findings to be made by the Court pursuant to this Written Plea Agreement are true and correct. I swear to the truth of all of the foregoing and further, that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

[Blank in original.] The agreement included defense counsel's signed acknowledgment certifying that he had discussed the admonishments, rights, waivers, and confession with Weatherspoon and was satisfied that Weatherspoon understood what he was doing; the prosecutor's signed acknowledgments; and the trial court's signed approval of the agreement stating Weatherspoon had been given the required admonishments and had been found competent to enter a guilty plea.

Weatherspoon argues that a sworn statement must be sworn before a district clerk and that there is no jurat or other showing that he bound himself "by an oath duly administered." Thus, he asserts, his Judicial Confession and other plea papers were not competent evidence to support a judgment of conviction on his guilty plea. We disagree.

When a trial court takes judicial notice of a judicial confession, the State need not introduce the confession into evidence. *Id.* at 219. And, it is well-established that a judicial

3

confession need not be sworn to before a clerk or other authority to support a conviction. *See Ybarra v. State*, 93 S.W.3d 922, 927 n.4 (Tex. App.—Corpus Christi 2002, no pet.) ("We note that the judicial confession was neither sworn to before the clerk nor signed by the judge. However, these omissions do not affect either the confession's validity or admissibility.").[2] It is also well-settled that a stipulation to the truth of an indictment's allegations can support a conviction on a guilty plea. *See Chindaphone*, 241 S.W.3d at 218, 220 ("when the accused specifically states in the judicial confession, 'I have read the indictment or information filed in this case and I committed each and every act alleged therein,' the judicial confession standing alone is sufficient to support a guilty plea under article 1.15").[3]

---

[2] *See also Walker v. State*, No. 03-03-00018-CR, 2003 WL 21554285, at *2 (Tex. App.—Austin July 11, 2003, no pet.) (mem. op., not designated for publication) ("There is no requirement that the defendant swear to the waiver and stipulation before the clerk or anyone else."); *Weiss v. State*, No. 05-92-01764-CR, 1997 WL 53354, at *2 (Tex. App.—Dallas Feb. 11, 1997, no pet.) (not designated for publication) ("Judicial confessions are evidentiary in nature and are not required to be sworn."); *Jones v. State*, 857 S.W.2d 108, 110 (Tex. App.—Corpus Christi 1993, no pet.) ("We find no authority that appellant was additionally required to swear to the statement.").

[3] *See also Brooks v. State*, No. 03-13-00251-CR, 2014 WL 2918000, at *2-4 (Tex. App.—Austin June 19, 2014, no pet.) (mem. op., not designated for publication) (conviction on guilty plea proper when defendant signed stipulation of guilt stating that he had read indictments, which set out all required elements, and that State's evidence would show he had committed all alleged acts); *Tijerina v. State*, 264 S.W.3d 320, 323-24 (Tex. App.—San Antonio 2008, pet. ref'd) (conviction on guilty plea proper when defendant signed document stating that he judicially confessed that allegations in indictment were true); *Boyd v. State*, No. 14-99-01355-CR, 2001 WL 619587, at *3 (Tex. App.—Houston [14th Dist.] June 7, 2001, pet. ref'd) (not designated for publication) (conviction on guilty plea proper even though judicial confession and agreement to stipulate to evidence were not sworn to before clerk); *Watson v. State*, 974 S.W.2d 763, 765 (Tex. App.—San Antonio 1998, pet. ref'd) ("judicial confession is sufficient to sustain a conviction upon a guilty plea even if the defendant does nothing more than affirm that the allegations in the indictment are true and correct"); *Scott v. State*, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (conviction on guilty plea proper when defendant signed stipulation that allegations in indictment "constitute the evidence in this case"); *Wright v. State*, 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.) (conviction on guilty plea proper when defendant signed

Weatherspoon's Judicial Confession was properly before the trial court and contained sufficient reference to the indictment's allegations to support the trial court's conviction on his guilty plea under article 1.15.[4] We overrule Weatherspoon's first issue.[5]

In his third issue, Weatherspoon argues that the written judgment should be corrected to reflect that he did not plead guilty pursuant to a plea bargain. The first section of the Written Plea Agreement stated that upon his guilty plea, the State agreed to the following recommendation: "OPEN, Plead to para 1," but the judgment of conviction included the statement "SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS" under the line "Terms of Plea Bargain." Although the State asserts that the judgment does not actually state that there was a plea bargain, it concedes that if we interpret the statement "SEE ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS" to imply otherwise, the judgment should be reformed to delete that reference. For the sake of clarity and accuracy, we agree that the statement should be deleted.

**Conclusion**

We have overruled Weatherspoon's first issue and need not address his second. We sustain his third issue and order the judgment of conviction modified to remove the statement "SEE

---

"Stipulation of Evidence" stating that indictment allegations were true; stipulation amounted to judicial confession that could by itself satisfy article 1.15).

[4] The indictment alleged all of the necessary elements of the offense. *See* Tex. Penal Code § 31.03(a), (b)(1), (e)(4).

[5] Weatherspoon also notes that he was not placed under oath when he verbally pled guilty in open court, but a discussion of that issue is not necessary to the resolution of this appeal. Further, our resolution of Weatherspoon's first issue disposes of any need for us to address his second issue, which challenges whether sufficient evidence was produced at sentencing to support the conviction.

ATTACHED DISCLOSURE OF PLEA RECOMMENDATIONS" from the line underneath the heading "Terms of Plea Bargain."  As modified, we affirm the judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Modified and, as Modified, Affirmed

Filed:   July 15, 2016

Do Not Publish