

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00269-CR, 04-25-00270-CR, 04-25-00271-CR

Trey Paul **MEEKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 452nd District Court, Edwards County, Texas
Trial Court No. 2463, 2500, 2501
Honorable Robert Rey Hofmann, Judge Presiding

Opinion by:    Velia J. Meza, Justice

Sitting:    Lori I. Valenzuela, Justice
Adrian A. Spears II, Justice
Velia J. Meza, Justice

Delivered and Filed: April 29, 2026

AFFIRMED

In three separate indictments, appellant Trey Paul Meeks pled guilty to one count of theft of cattle and two counts of theft of exotic livestock with an aggregate value of less than $150,000. TEX. PEN. CODE § 31.03(e)(5)(A). In each appeal, Meeks raises a single issue: his pleas of guilt cannot support the felony convictions because the State failed to introduce sufficient evidence as required by article 1.15 of the Texas Code of Criminal Procedure. Finding the evidence sufficient to support his convictions, we affirm the trial court's judgments.

**BACKGROUND**

Meeks pled guilty to the three indictments raised against him and signed written waivers and stipulations of evidence for each of the three cases, which provided that he:

> JUDICIALLY CONFESS[ED] to the following facts and agree[d] and stipulate[ed] that these facts are true and correct and constitute evidence in this case:
>
> That in Edwards County, Texas, . . . [Meeks] did then and there commit the offense alleged in the INDICTMENT which is attached as Exhibit A and incorporated by reference herein.

Attached to each waiver was the relevant indictment charging Meeks with "unlawfully appropriate[ing], by acquiring or otherwise exercising control over, property namely, cattle" or "exotic livestock, of the aggregate value of less than $150,000, stolen during a single transaction, from" Lukas Fry and Matthew Fry with regards to the stolen cattle or Hal Black with regards to the exotic livestock, "the owner[s] thereof, without the effective consent of the owner[s], and with intent to deprive the owner[s] of the property."

On March 31, 2025, Meeks entered open pleas of guilty in all three cases. The court accepted Meeks' guilty pleas and, because he had applied for deferred adjudication, withheld a finding of guilt and proceeded immediately to hear punishment evidence that same day. At the hearing, the State presented testimony regarding the thefts underlying the charges. Dr. Harold Black, who owns a family ranch within an 18,000-acre preserve in Edwards County, Texas, testified that he hired Meeks in 2012 to maintain fences, perform general upkeep, and fill feeders while Dr. Black was away from the property. However, Dr. Black terminated Meeks due to him failing to "fulfil[] his obligations" and after having "untruthful situations" arise.

At around the time Meeks was terminated, Dr. Black testified that he repeatedly found game cameras missing locks and chains cut on his fences, and gates lifted off their hinges. Due to this, Dr. Black had his son move their game cameras to less visible locations on the property. One

camera that overlooked a road, captured an image depicting an oryx loaded into the back of a Polaris around midnight. After capturing this first event, Dr. Black testified that the camera was tampered with. Consequently, the camera was relocated and captured two more incidents in which a truck carrying an empty trailer entered his property and later exited with an oryx. From the images capturing the third incident, Dr. Black was able to identify Meeks as the driver. He also stated that the value of an oryx can range from $1,500 to $7,000.

Luke Fry testified that he and his brother, Matt Fry, were running cattle during the relevant time associated with these offenses. Their cattle was marked with bright red ear tags placed on the left ear with each tag bearing Matt's last name and phone number for identification. On January 31, 2023, the Fry brothers decided to check their cattle. While driving to their property, they passed Meeks and noticed he was hauling "big, fat black cows" in his trailer—an unusual sight given that Meeks was never out in that area. Upon arriving at the front gate of their property, they observed fresh mud tracks leading onto land owned by James Costen. Finding this odd, they decided to contact Meeks "to see why he had cows and what he was doing" in the area.

After a brief exchange, they arranged to meet Meeks in town at Matt's residence. When they arrived, they immediately recognized the cattle in Meeks' trailer as their own based on their distinctive appearance. Although the cattle lacked ear tags, one cow's ear was bleeding. The brothers ultimately decided the cattle should be taken into town until the matter could be resolved and contacted the sheriff's office to ensure proper handling. Edwards County Sheriff's Deputy Feliz Ruiz later met them at the arena, took statements, and initiated the investigation.

Deputy Ruiz testified about his investigation into the theft of the Fry brothers' cattle. Once at the scene, Deputy Ruiz observed that the cattle were tag-less but had fresh holes which indicated the tags were recently removed. He then drove to the location where the cattle were taken and

found freshly cut ear-tag buttons on the ground along with panels used to trap and herd cattle. Deputy Ruiz's report and photographs, along with the Cattle Rangers' report, were included in the pre-sentence investigation report, of which the State asked the court to take judicial notice.

After receiving all the evidence, the trial court recessed to review the pre-sentence investigation report. Thereafter, the trial court orally pronounced sentences in all three cases. The court found Meeks guilty beyond a reasonable doubt as charged in each indictment. In cause number 2463 (theft of livestock—cattle), the court assessed five years' confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed no fine and no restitution. In cause numbers 2500 and 2501, (theft of livestock—exotic livestock) the court assessed ten-year sentences, suspended imposition of those sentences, and placed Meeks on community supervision for ten years and imposed a $5,000 fine and $1,500 in restitution. The trial court entered its final judgments on March 31, 2025. Meeks filed a timely notice of appeal.

## DISCUSSION[1]

In all three of his appeals, Meeks argues that his convictions are unsupported by sufficient evidence as required by article 1.15 of the Texas Code of Criminal Procedure. We disagree.

1. Standard of Review

Article 1.15 of the Code of Criminal Procedure provides that a trial court may not accept a guilty plea in a felony case unless the State introduces evidence establishing each element of the offense. TEX. CODE CRIM. PROC. art. 1.15. As explained in *Menefee v. State*, article 1.15 is a Texas-specific procedural safeguard that prohibits a court from rendering a conviction in a felony

---

[1] In a footnote within Meeks' brief, he contends that he will "not be pursing an appeal of the[] two charges" associated with appellate cause numbers 04-25-00270-CR and 04-25-00271-CR. Construing this as a request for voluntary dismissal, we note that this request fails to comply with Texas Rule of Appellate Procedure 42.2. *See* TEX. R. APP. P. 42.2(a). Consequently, such request cannot be granted and we will address the issues raised in all three of Meeks' appeals.

case "based upon a plea of guilty without sufficient evidence to support the same." 287 S.W.3d 9, 13 (Tex. Crim. App. 2009) (citation modified). A defendant's "sworn written statement, or [testimony] under oath in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct," is sufficient to satisfy article 1.15. *Id.* Additionally, a defendant's "consent to the proffer of evidence . . . or to an oral or written stipulation of what the evidence against him would be, without necessarily admitting to its veracity or accuracy" also satisfied article 1.15. *Id.* Regardless of which form is utilized, both forms of evidence must cover all the elements of the charged offense. *Id.* at 13.

2. <u>Meeks' Written Waivers and Stipulations of Evidence Satisfied Article 1.15</u>

In reviewing Meeks' plea of guilt, we must determine whether there was some evidence establishing each element of the offence.

Here, in all three cases, Meeks executed a written waiver and stipulation of evidence which—under oath—judicially confessed and stipulated to the offenses alleged in the indictments. He further admitted, stipulated and judicially confessed that he was the person named in all three indictments and that all the facts and allegations in the indictments were true and correct. And attached to each waiver was the corresponding indictment.

Through these waivers, the parties have in effect agreed that if the State presented its evidence, the evidence would establish:

(1) That on September 20, 2022, Meeks unlawfully appropriated, by acquiring or otherwise exercising control over, property, namely exotic livestock, of the aggregate value of less than $150,000, from Hal Black, the owner thereof, without the effective consent of the owner, and with the intent to deprive the owner of the property;

(2) That on January 31, 2023, Meeks unlawfully appropriated, by acquiring or otherwise exercising control over, property, namely cattle, of the aggregate value of less than $150,000, from Lukas Fry and Matthew Fry, the owners thereof, without the effective consent of the owners, and with the intent to deprive the owner of the property; and

(3) That on February 13, 2023, Meeks unlawfully appropriated, by acquiring or otherwise exercising control over, property, namely exotic livestock, of the aggregate value of

less than $150,000, from Hal Black, the owner thereof, without the effective consent of the owner, and with the intent to deprive the owner of the property.

While the waivers here are certainly not models, they are "functional equivalent[s] of a stipulation embracing every element of the offense charged." *Scott v. State*, 945 S.W.2d 347, 348 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *see also Stone v. State*, 919 S.W.2d 424, 426 (Tex. Crim. App. 1996) (holding that article 1.15 "applies whether the stipulation relates to what a witness would testify to or to the truth of the allegations in the indictment.").

Because the waivers in this case satisfy the evidentiary requirements prescribed by article 1.15, we overrule Meeks' points of error.

## CONCLUSION

Having overruled Meeks' sole issue on appeal, we affirm the judgment of the trial court in each of these cases.

Velia J. Meza, Justice

DO NOT PUBLISH