Archie D. WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–95–00778–CR.

Court of Appeals of Texas,
Dallas.

July 3, 1996.

R.D. Rucker, Attorney at Law, Dallas, for Appellant.

April E. Smith, Assistant District Attorney, Dallas, for State.

Before LAGARDE, KINKEADE and MORRIS, JJ.

MORRIS, Justice.

After his plea of nolo contendere, Archie D. Wright appeals his conviction for delivery of less than one gram of cocaine. In two points of error, appellant contends the evidence is insufficient to support his conviction and the assessment of a fine violates his rights under the Eighth and Fourteenth Amendments to the United States Constitution. Concluding his points of error are meritless, we affirm the trial court's judgment.

Appellant entered a plea of nolo contendere to the indictment in this case. In a document entitled "Defendant's Agreement to Stipulate Evidence," appellant agreed to stipulate evidence orally and in writing, and he waived the appearance, confrontation, and cross-examination of witnesses. Appellant and his trial counsel signed the document, which was approved by the trial court and file stamped by the district clerk.

Appellant also signed a separate document entitled "Stipulation of Evidence." The stipulation reiterated the waiver of the appearance, confrontation, and cross-examination of witnesses and stated that appellant consented to the stipulation of evidence "orally, by affidavits, written statements of witnesses, and other documentary evidence." In the stipulation, appellant stated that the factual allegations in the indictment were true and correct and constituted the evidence in the case. The stipulation tracked the language of the indictment.

After accepting appellant's plea, the trial court admitted without objection both the agreement to stipulate and the stipulation of evidence. The trial court recessed the hearing and held a separate punishment hearing at a later date. At the punishment hearing, appellant testified and offered as evidence a letter he had written after his arrest to the police wherein he claimed he did not deliver the cocaine but merely possessed it.

The trial court found appellant guilty and sentenced him to two years' confinement, probated for five years, and assessed a $300 fine. The order of probation required appellant to pay the fine and court costs in monthly installments of twenty dollars. The order also required appellant to serve sixty days' confinement in the state jail as a condition of his probation.

■ In his first point of error, appellant contends the evidence only shows he possessed the cocaine. He argues the evidence is insufficient to prove he delivered the cocaine. The State responds that appellant stipulated to the evidence in the case and that the written stipulation is sufficient to support the conviction. We agree with the State.

■ When a defendant pleads nolo contendere, he cannot be convicted upon his plea alone without sufficient evidence to support the plea. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1996); TEX.CODE CRIM. PROC. ANN. art. 27.02(5) (Vernon 1989). The State must introduce evidence showing the defendant's guilt. *Id.* art. 1.15. When the State introduces evidence, we affirm the trial court's judgment under article 1.15 if the evidence introduced embraces every essential element of the offense charged and is sufficient to establish a defendant's guilt. *Stone v. State,* 919 S.W.2d 424, 427 (Tex.Crim.App. 1996). We do not apply the "rationality" test of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), where a defendant voluntarily enters a plea of nolo contendere. *See Ex parte Martin,* 747 S.W.2d 789,

791 (Tex.Crim.App.1988) (citing *Ex parte Williams,* 703 S.W.2d 674 (Tex.Crim.App. 1986)).

 Article 1.15 provides that evidence presented to support a trial court's finding of guilt may be stipulated

> if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witness, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause.

TEX.CODE CRIM. PROC. ANN. art. 1.15. A "stipulation" as contemplated in article 1.15 includes agreements about what the evidence or testimony would be, if presented in open court, without conceding the truthfulness of that evidence or otherwise waiving the need for proof. *See Stone,* 919 S.W.2d at 426 (citing *Robinson v. State,* 739 S.W.2d 795, 800 n. 5 (Tex.Crim.App.1987)). Moreover, although a defendant pleading nolo contendere need not concede the veracity of stipulated evidence, if he does, then the stipulation becomes a judicial confession. *Stone,* 919 S.W.2d at 426 (citing *Waage v. State,* 456 S.W.2d 388, 389 (Tex.Crim.App.1970)). A judicial confession standing alone is sufficient to satisfy the requirements of article 1.15. *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex. Crim.App.1979) (op. on reh'g).

In this case, appellant waived in writing the appearance, confrontation, and cross-examination of witnesses and further consented to the stipulation of evidence by affidavits, written statements of witnesses, and other documentary evidence. The waiver and consent were signed by appellant and his trial counsel, approved by the trial court, and filed with the district clerk. As such, the requirements of article 1.15 with respect to stipulations were satisfied. Further, the evidence appellant stipulated to encompassed the factual allegations of the indictment, which were recited in the "Stipulation of Evidence." The stipulated facts embraced every essential element of the offense charged and established appellant's guilt.

Also, the "Stipulation of Evidence" is a judicial confession because in it appellant concedes that the factual allegations in the indictment are true and correct, thus conceding the veracity of the stipulated evidence. We conclude the stipulated evidence is sufficient under article 1.15 to support the trial court's finding of guilt after appellant's plea of nolo contendere. We overrule appellant's first point of error.

In his second point of error, appellant contends the $300 fine is cruel and unusual punishment and, therefore, violates the Eighth Amendment to the United States Constitution. A liberal reading of this point of error reflects that appellant also contends the fine violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. We address both claims.

 To preserve a complaint for appellate review, a party must present a timely complaint to the trial court, state the specific grounds for the desired ruling, if the specific grounds are not otherwise apparent, and obtain a ruling. TEX.R.APP. P. 52(a). Like other rights, a constitutional right may be waived or forfeited by the failure to make a timely assertion of that right. *See Castillo v. State,* 739 S.W.2d 280, 297 (Tex.Crim.App. 1987), *cert. denied,* 487 U.S. 1228, 108 S.Ct. 2889, 101 L.Ed.2d 924 (1988). Inasmuch as appellant failed to lodge any objection to the trial court's assessment of a fine, he has failed to preserve the issue for review. Even if appellant had preserved error for review, we conclude his point of error is meritless for the following reasons.

 Appellant initially contends the fine constitutes cruel and unusual punishment in contravention of the Eighth Amendment because he is indigent. In support of the assertion that he is indigent, appellant points out that he filed affidavits of indigence and successfully secured appointed counsel both at trial and on appeal. The fact appellant may be indigent for purposes of retaining trial and appellate counsel, however, does not compel the conclusion that he is indigent for

purposes of paying his fine in twenty dollar monthly installments.

■ Moreover, the $300 fine assessed is well below the maximum $10,000 fine that could have been imposed as punishment for delivery of less than one gram of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(b) (Vernon Supp.1996); TEX. PENAL CODE ANN. § 12.35 (Vernon 1994). Punishment that falls within the range authorized by statute is not cruel or unusual and is not excessive. *Johnson v. State,* 864 S.W.2d 708, 724–25 (Tex.App.—Dallas 1993), *aff'd,* 912 S.W.2d 227 (Tex.Crim.App.1995). We overrule appellant's Eighth Amendment claim.

■ Next, appellant contends the fine violates the Equal Protection Clause of the Fourteenth Amendment. Appellant asserts he is indigent and to imprison him because he cannot pay the fine would be unconstitutional. Assuming, *arguendo,* that appellant is correct in his assertion, he nonetheless fails to show that he is or will be imprisoned for failure to pay the fine immediately as it becomes due. *See Shafer v. State,* 842 S.W.2d 734, 736 (Tex.App.—Dallas 1992, pet. ref'd). The trial court placed appellant on probation for five years and ordered him to pay the fine and court costs in monthly installments. There is no indication in the record that appellant has failed to pay the monthly installments or that he is at risk of incarceration for failing to pay the installments. Moreover, the sixty days' confinement that the trial court ordered appellant to serve as a condition of his probation is not contingent upon nor related to his nonpayment of the fine.

When a defendant does not show he is confined for failure to pay a fine, we do not reach the issue of whether assessment of the fine violates the Equal Protection Clause because the defendant is indigent. *Smith v. State,* 857 S.W.2d 71, 75 (Tex.App.—Dallas 1993, pet. ref'd); *accord United States v. Miller,* 588 F.2d 1256, 1264 (9th Cir.1978), *cert. denied,* 440 U.S. 947, 99 S.Ct. 1426, 59 L.Ed.2d 636 (1979) (indigent defendant must await the event of his being held beyond his sentence to assert equal protection claim). *See also Shafer,* 842 S.W.2d at 736 (where defendant failed to show he was imprisoned for failure to pay the fine, assessment of fine did not violate defendant's equal protection rights). We overrule appellant's second point of error.

We affirm the trial court's judgment.