**Affirmed as Modified and Opinion Filed January 14, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00576-CR

**CHRIS ANTHONY CHATTERFIELD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F12-72377-L**

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

Chris Anthony Chatterfield waived a jury and pleaded no contest to aggravated assault with a deadly weapon and true to one enhancement paragraph. He was found guilty and sentenced by the trial court to fifteen years in prison. In two issues, appellant contends the evidence is insufficient to disprove self-defense and to support the trial court's order for court costs. We affirm.

Paul Jones's hand and arm were fractured when appellant hit him with a three-foot tree branch. Appellant believed Jones had been romantically involved with his girlfriend, Tammy, who was also Jones's cousin. Jones testified he was visiting Joe Smith, Tammy's father, and as he was leaving, Tammy and appellant were standing by Jones's car. Appellant told Jones he did not want him around Tammy, and Jones responded that Tammy was his cousin. According to

Jones, appellant put his drink on the car, threw his hat on the ground, and got ready to charge him. Jones "positioned" himself for the attack, and when appellant kept coming, pulled a knife from his back pocket. When appellant saw the knife, he backed off, saying neither Tammy nor Jones was "worth it." Jones immediately returned the knife to his back pocket and then suggested they go into the house where Tammy's mother could explain "who I am" so that appellant would understand Jones was not a "threat" to him. Appellant agreed, and Jones said it was "calm" between the two men.

Jones and appellant were walking side by side to the house when appellant veered off toward the fence. Jones continued to walk to the porch, and appellant came at him with a tree branch, saying "You pulled a knife on me." Jones backed up and pulled out his knife as appellant got nearer. Appellant aimed the branch at Jones's head and swung, but Jones blocked the branch with his hand. Jones said the blow "hurt real bad." Jones threw two chairs at appellant and the two men were pushing a table back and forth when Smith came outside and told them to "cut that out." Jones said appellant then threatened to "cap" him and went to a house across the street. Jones believed appellant was going to get a gun so he left.

Jones went home and took pain pills for his hand. He did not call the police that night because he did not want appellant to get in trouble, since appellant was dating Tammy and had just gotten out of prison. The next morning, Jones went to the hospital, where he learned that his hand and arm were fractured.

Joe Smith testified he knew both Jones and appellant. The men were outside his house when he heard "a lot of rumbling." He looked out a window and saw appellant with a three-foot tree branch. Appellant hit Jones with the branch, and Jones tried to block it and defend himself. He did not see a knife in Jones's hand. When asked who attacked whom, Smith said appellant had the branch and was "coming toward [Jones] with it."

Appellant recalled the events differently and said he was standing in the street with Tammy when Jones pulled up in his car. Appellant said Jones sat in his car smoking a crack pipe before getting out and telling appellant he was not welcome there. Appellant told Jones it was not his yard, but Tammy told Jones to go home. According to appellant, Jones said he knew what appellant had said about him, pulled a knife, and told appellant to "talk that shit now." Appellant told Jones he did not want any trouble. As the two were "circling in the street," Tammy yelled for the men to stop and again told Jones to leave. She told appellant to go into the yard, which he did, but Jones kept coming at him. Appellant said he picked up the tree branch, and when Jones tried to "stick" him with the knife, he swung one time and hit him. Jones dropped the knife, and appellant said he dropped the branch. Jones then threw two chairs at him. Appellant was able to flee when Jones was bent over "like he was looking for the knife." Appellant claimed Jones was in a romantic relationship with his "supposed-to-be cousin" and was angry because she was with appellant.

In his first issue, appellant argues the State failed to disprove his evidence of self-defense beyond a reasonable doubt. But appellant pleaded no contest to the charge, and he does not argue that his plea was involuntary or that it was withdrawn. The legal effect of a no contest plea is the same as that of a guilty plea. TEX. CODE CRIM. PROC. ANN. art. 27.02(5) (West 2006). Self-defense is a defense to a prosecution for an offense. *See* TEX. PENAL CODE ANN. §§ 2.03, 9.02, 9.32 (West 2011). By pleading no contest, appellant indicated he did not intend to contest the charged offense by trying to establish a defense of justification. *See State v. Masonheimer*, 154 S.W.3d 247, 252 (Tex. App.—Eastland 2005), *rev'd on other grounds*, 220 S.W.3d 494 (Tex. Crim. App. 2007).

When a defendant waives his right to a jury trial and pleads no contest, the State need only introduce sufficient evidence to support the plea and establish the defendant's guilt. TEX.

CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *see Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. *Ex parte Martin*, 747 S.W.2d 789, 792–93 (Tex. Crim. App. 1988) (op. on reh'g). The evidence sufficiently supports a plea of no contest if it embraces every element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

A person commits aggravated assault if he commits assault and uses or exhibits a deadly weapon during the assault. TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Assault is the intentional, knowing, or reckless causing of bodily injury to another. TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2011).

Here, the evidence showed appellant hit Jones with a three-foot tree branch, fracturing his hand and arm. This evidence embraces every element of the offense and sufficiently supports appellant's no contest plea. We overrule the first issue.

In his second issue, appellant argues the evidence is insufficient to support the trial court's judgment that he pay $244 in court costs because the clerk's record does not contain a bill of costs. Since the filing of this appeal, this Court requested and has received a supplemental clerk's record containing the certified bill of costs in this case. Consequently, appellant's sufficiency complaint is moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.).

Appellant filed an objection to the supplemental record, arguing the bill of costs (1) is not proper because it is "unsigned, unsworn computer printouts" and (2) was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. We recently addressed and overruled these exact objections in *Coronel v. State*, 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, pet. ref'd). Likewise, we overrule the second issue.

Finally, the judgment in this cause reflects that appellant pleaded not guilty to the offense. The record, however, shows appellant entered a plea of no contest. This Court has the authority to correct the judgment of the court below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). So that the judgment is consistent with the plea entered by appellant, we modify the judgment to reflect a plea of nolo contendere.

We affirm the trial court's judgment as modified.


/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130576F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRIS ANTHONY CHATTERFIELD,
Appellant

No. 05-13-00576-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 5, Dallas County, Texas
Trial Court Cause No. F-12-72377-L.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect appellant's "Plea to Offense" as Nolo Contendere.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered January 14, 2014

/Molly Francis/
MOLLY FRANCIS
JUSTICE