500·15
501·15
502·15
503·15
504·15
505·15

No. PD-0501-15

ORIGINAL

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

NICHOLAS DAVELL AMOS
VS.
THE STATE OF TEXAS

ON APPEAL FROM THE COURT OF APPEALS, FIFTH DISTRICT
OF TEXAS AT DALLAS
No. 05-14-00918-CR; No. 05-14-01333-CR; No. 05-14-01334-CR;
No. 05-14-01335-CR; No. 05-14-01336-CR; AND No. 05-14-01337-CR.
ON APPEAL FROM THE 291ST JUDICIAL DISTRICT COURT
DALLAS COUNTY TEXAS
TRIAL COURT CAUSE No. F13-41905-U; F12-31502-U; F13-31526-U;
F13-41904-U; F14-40593-U; AND F14-40594-U.

## PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

NOW COMES, NICHOLAS DAVELL AMOS, PETITIONER
PRO-SE AND PETITIONS THE COURT TO REVIEW THE JUDGMENT
AFFIRMING HIS CONVICTIONS FOR FRADULENT USE OF POSSESSION
OF IDENTIFYING INFORMATION OF AN ELDERLY PERSON, FORGERY
BY CHECK, FORGERY BY CHECK OF AN ELDERLY PERSON, FORGERY OF
A FRADULENT INSTRUMENT, AND TAMPERING WITH A GOVERN-
MENT RECORD.

FILED IN
COURT OF CRIMINAL APPEALS

JUN 26 2015

Abel Acosta, Clerk

## STATEMENT OF THE CASE

NICHOLAS DAVELL AMOS, PETITIONER WAIVED A JURY
AND PLEADED GUILTY TO THE FOLLOWING OFFENSES:
FRADULENT USE OR POSSESSION OF IDENTIFYING INFORMATION
OF AN ELDERLY PERSON (CAUSE NO. 05-14-00978-CR); FORGERY
BY CHECK (CAUSE NO. 05-14-01333-CR AND 05-14-01334-CR);

[1]

FORGERY BY CHECK OF AN ELDERLY PERSON (CAUSE NO. 05-14-01335-CR); FORGERY OF A FINANCIAL INSTRUMENT (CAUSE NO. 05-14-01336-CR); AND TAMPERING WITH A GOVERNMENTAL RECORD (CAUSE NO. 05-14-01337-CR). SEE TEX. PENAL CODE ANN. §§ 32.21 (b), (d); (e-1); 32.51 (b),(1),(c-1); 37.10 (a)(2), (c)(2)(A) (WEST 2011, SUPP. 2014). PETITIONER ALSO PLEADED TRUE TO TWO ENHANCEMENT PARAGRAPHS CONTAINED IN EACH INDICTMENT. AFTER FINDING PETITIONER GUILTY AND THE ENHANCEMENTS PARAGRAPHS TRUE, THE TRIAL COURT ASSESSED PUNISHMENT AT TWENTY-FIVE (25) YEARS IMPRISONMENT ON HIS CONVICTIONS FOR FRADULENT USE OR POSSESSION OF IDENTIFYING INFORMATION OF AN ELDERLY PERSON, FORGERY BY CHECK OF AN ELDERLY PERSON, AND TAMPERING WITH A GOVERNMENTAL RECORD, AND TEN (10) YEARS IMPRISONMENT ON THE REMAINING THREE (3) FORGERY CONVICTIONS.

THE CONVICTIONS WERE AFFIRMED BY THE COURT OF APPEALS, FIFTH DISTRICT OF TEXAS AT DALLAS ON MARCH 31, 2015.

## STATEMENT OF PROCEDURAL HISTORY

THE CONVICTIONS WERE AFFIRMED BY THE COURT OF APPEALS FIFTH DISTRICT OF TEXAS AT DALLAS ON MARCH 31, 2015.

NO MOTIONS FOR REHEARING WAS FILED BY PETITIONER.

PETITIONER FILED HIS PRO-SE MOTION FOR AN EXTENSION OF TIME IN WHICH TO FILE HIS PETITION FOR DISCRETIONARY REVIEW ON FRIDAY, MAY 1, 2015, THE COURT OF CRIMINAL APPEALS GRANTED THE TIME TO FILE THE PETITION TO MONDAY, JUNE 29, 2015.

## GROUNDS FOR REVIEW

(1). PETITIONER ARGUES THE COURT OF APPEALS ERRED IN HOLDING THE 291ST JUDICIAL DISTRICT COURT HAD JURISDICTION TO HEAR THE INSTANT CASES AND RENDER JUDGMENT BECAUSE OF THE TRANSFER ORDER; AND

(2) PETITIONER ARGUES THE COURT OF APPEALS ERRED IN HOLDING THE EVIDENCE IS SUFFICIENT TO SUPPORT THE GUILTY PLEA.

[2]

# ARGUMENTS

(1) PETITIONER ARGUES THE COURT OF APPEALS ERRED IN HOLDING THE 291ST JUDICIAL DISTRICT COURT HAD JURISDICTION TO HEAR THE INSTANT CASES AND RENDER JUDGMENT BECAUSE OF THE TRANSFER ORDER.

THE TEXAS CONSTITUTION PROVIDES THAT A COURT IS VESTED WITH JURISDICTION OVER A CRIMINAL CASE BY THE PRESENTMENT OF AN INDICTMENT OR INFORMATION. TEX. CONST. ART. V SECTION 12(b). AN INDICTMENT IS PRESENTED WHEN IT HAS BEEN DULY ACTED ON BY THE GRAND JURY AND RECEIVED BY THE TRIAL COURT. TEX. CODE CRIM. PROC. ANN. ARTICLE 12.06. STATUTORY PROVISIONS ALSO CODIFY THE NECESSARY RESULT IMPLIED BY ARTICLE V SECTION 12 ABOVE THAT THE TRIAL COURT LACKS JURISDICTION IN THE ABSENCE OF PROPER PRESENTMENT. TEX. CODE CRIM. PROC. ANN. ARTICLE 32.01 (REQUIRING AN INDICTMENT TO BE DISMISSED IF NOT PRESENTED IN THE RECEIVING COURT UNLESS IT IS TRANSFERRED TO ANOTHER COURT. TEX. CODE CRIM PROC ANN ARTICLE 4.16.

THE ONLY MECHANISM FOR TRANSFERRING THE POWER TO TRY A FELONY IS BY AN ORDER OF TRANSFER COMBINED WITH AN ORDER OF RECEIVING. COMBINED, THESE CONSTITUTE A WRITTEN AGREEMENT BETWEEN TWO COURTS INVOLVED. THE TRANSFERRING COURT ISSUES AN ORDER FORMALLY TRANSFERRING JURISDICTION OVER THE CASE. THE SECOND COURT ACCEPTS THE CASE BY ISSUING A FORMAL ORDER RECEIVING. TEX. GOV'T CODE ANN SECTION 24.003.

THE INSTANT CASE WAS PRESENTED TO 265TH DISTRICT COURT OF DALLAS COUNTY, TEXAS. JURISDICTION WAS THUS INVESTED IN THE COURT. THE INSTANT CASE LATER APPEARED IN THE 291ST DISTRICT COURT WHERE IT REMAINED THROUGH THE ENTRY OF JUDGMENT. HOWEVER, THERE IS NOTHING IN THE RECORD SHOWING THAT JURISDICTION WAS EVER TRANSFERRED BY 265TH DISTRICT COURT TO THE 291ST DISTRICT COURT, THEREFORE, IT APPEARS THAT THE 265TH DISTRICT COURT "RETAINS" JURISDICTION, JUST AS ARTICLE 4.16 STATES. PETITIONER CONTENDS THAT THE 291ST DISTRICT COURT NEVER ACQUIRED JURISDICTION IN THIS MATTER.

LACK OF JURISDICTION OVER A CASE RENDERS A TRIAL COURT'S JUDGMENT VOID. EX PARTE SEIDEL 39 SW 3d 221 (TEX. CRIM. APP. 2001); HOANG v. STATE, 872 SW2d 694 (TEX. CRIM. APP. 1993). A DEFECT WHICH RENDERS A SENTENCE VOID MAY BE RAISED FOR THE FIRST TIME ON APPEAL. HEATH v STATE, 817 SW2d 335 (TEX. CRIM APP. 1991).

THE RIGHT TO BE TRIED IN A COURT THAT HAS PROPERLY ACQUIRED JURISDICTION OVER A CASE IS ABSOLUTE. MARIN v. STATE, 851 SW2d 275 (TEX. CRIM. APP. 1993). SUCH A RIGHT TO CANNOT BE WAIVED OR FORFEITED, EVER WITH CONSENT. . Id . IMPLEMENTATION IS NOT OPTIONAL, IT IS ALWAYS REQUIRED. Id @ 279. ERROR IN THIS REGARD IS NOT SUBJECT TO FURTHER ANALYSIS. THUS A DEFENDANT MAY COMPLAIN ABOUT THIS VIOLATION OF AN AB- SOLUTE RIGHT ON APPEAL WITHOUT HAVING RAISED THE QUESTION IN THE TRIAL COURT Id @ 280

PETITIONER NOW COMPLAINS THAT THE 291ST DISTRICT COURT NEVER REQUIRED JURISDICTION OVER THE INSTANT CASE, BUT HE ACKNOWLEDGES THAT AUTHORITY IS AGAINST HIS POSITION SEE e.g MILLS v. STATE, 742 SW2d 832 (TEX APP- DALLAS 1987); GARCIA v. STATE, 901 SW2d 731 (TEX. APP- HOUSTON [14TH DIST] 1995). THESE CASES ALL HOLD THAT THE PRESENT ISSUE MUST BE RAISED BY THE TRIAL COUNSEL OR IT IS WAIVED. HOWEVER, THEY SIMPLY CITE TO THEIR ANTECEDANTS WITHOUT ANY CONSTITUTIONAL OR STATUTORY AUTHORITY FOR THE PROPOSITION THAT A JURISDICTIONAL DEFECT CAN BE CURED BY PROCEDURAL DEFAULT.

(2) PETITIONER ARGUES THAT THE COURT OF APPEALS ERRED IN HOLDING THAT THE EVIDENCE IS SUFFICIENT TO SUPPORT THE GUILTY PLEA

THE CASE WAS CALLED TO TRIAL ALONG WITH FIVE OTHERS. AT THAT TIME PETITIONER ENTERED A PLEA OF GUILTY WITHOUT A PLEA AGREEMENT. THE STATE THEN OFFERED: "STATE'S EXHIBIT 1, THE DEFENDANT'S SIGNED WRITTEN VOLUNTARY JUDICIAL CON- FESSION AND STIPULATION OF THE EVIDENCE IN EACH OF THE SIX CASES." THE PROBLEM IN THE INSTANT CASE IS THERE IS 'No'

[4]

JUDICIAL CONFESSION MARKED AS AN EXHIBIT AND THEREFORE NO SUCH EXHIBIT WAS ADMITTED INTO EVIDENCE.

EVIDENCE OFFERED IN SUPPORT OF A GUILTY PLEA MAY TAKE MANY FORMS. MENEFFEE v. STATE 287 SW3d 9 (TEX. CRIM. APP. 2009). THE STATUTE EXPRESSLY PROVIDES THAT THE DEFENDANT MAY CONSENT TO THE PROFFER OF EVIDENCE IN TESTIMONIAL OR DOCUMENTARY FORM, OR TO AN ORAL OR WRITTEN STIPULATION OF WHAT THE EVIDENCE AGAINST HIM WOULD BE, WITHOUT NECESSARILY ADMITTING TO ITS VERDICT OR ACCURACY, AND SUCH A PROFFER OR STIPULATION OF EVIDENCE WILL SUFFICE TO SUPPORT THE GUILTY PLEA AS LONG AS IT EMBRACES EVERY ELEMENT OF THE CHARGED OFFENSE. HAMMOND v. STATE 450 SW2d 683 (TEX. CRIM. APP. 1971). ALTERNATIVELY, A DEFENDANT MAY ENTER A SWORN WRITTEN STATEMENT, OR TESTIFY IN OPEN COURT SPECIFICALLY ADMITTING HIS CULPABILITY OR AT LEAST ACKNOWLEDGING GENERALLY THAT THE ALLEGATIONS AGAINST HIM ARE TRUE AND CORRECT. SPRINKLE v. STATE, 456 SW2d 387 (TEX. CRIM. APP. 1970).

ARTICLE 1.15 REQUIRES SUBSTANTIATION OF A GUILTY PLEA. IT REQUIRES EVIDENCE IN ADDITION TO, AND INDEPENDENT OF THE PLEA ITSELF TO ESTABLISH THE DEFENDANT'S GUILT. BOYKIN v. STATE, 818 SW2d 782 (TEX. CRIM APPEAL 1991). THUS A DEFENDANT'S "SWORN AFFIRMATION, IN RESPONSE TO THE TRIAL COURT'S QUESTIONING, THAT HE WAS IN FACT PLEADING GUILTY TO THE CHARGES IN THE INDICTMENT DOES NOT CONSTITUTE A JUDICIAL CONFESSION AND DOES NOT OTHERWISE SUPPLY EVIDENCE, IN WHOLE OR IN PART, SUFFICIENT TO SUPPORT THE PLEA UNDER ARTICLE 1.15. A GUILTY PLEA ENTERED UNDER OATH IS STILL A GUILTY PLEA. IT DOES NOT PROVIDE INDEPENDENT EVIDENCE TO SUBSTANTIATE THE DEFENDANT'S GUILT." MENEFFEE v. STATE, @ 17-18.

AN EXAMINATION OF THE RECORD IN THE INSTANT CASE FAILS TO SHOW ANY EVIDENCE ADMITTED IN SUPPORT OF THE GUILTY PLEA. THEREFORE THE PRONOUNCEMENT OF GUILT VIOLATES TEX. CODE CRIM. PROC. ANN. ARTICLE 1.15.

[5]

## PRAYER FOR RELIEF

THE PETITIONER THEREFORE PRAYS THE COURT GRANTS DISCRETIONARY REVIEW OR REMAND THE CASE FOR FURTHER REVIEW OF HIS CLAIMS, OR GRANT ALL APPROPRIATE RELIEF.

RESPECTFULLY SUBMITTED

Nicholas D. Amos

NICHOLAS DAVELL AMOS

### NOTICE
### OFFENDER NOTARY PUBLIC SERVICE

MY NAME IS NICHOLAS DAVELL AMOS MY DATE OF BIRTH IS JANUARY 12, 1965, AND MY INMATE IDENTIFYING NUMBER IS 1932817. I AM PRESENTLY INCARCERATED IN BILL CLEMENTS UNIT IN AMARILLO, POTTER COUNTY TEXAS 79107-9606. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON THE 21ST DAY OF JUNE, 2015

RESPECTFULLY SUBMITTED

Nicholas D. Amos

NICHOLAS DAVELL AMOS

[6]

AFFIRMED; Opinion Filed March 31, 2015.



In The

# Court of Appeals
## Fifth District of Texas at Dallas

No. 05-14-00978-CR
No. 05-14-01333-CR
No. 05-14-01334-CR
No. 05-14-01335-CR
No. 05-14-01336-CR
No. 05-14-01337-CR

## NICHOLAS DAVELL AMOS, Appellant

### V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court
Dallas County, Texas
Trial Court Cause Nos. F13-41905-U, F12-31502-U, F13-31526-U,
F13-41904-U, F14-40593-U, and F14-40594-U

## MEMORANDUM OPINION

Before Justices Lang, Stoddart, and Schenck
Opinion by Justice Stoddart

Nicholas Davell Amos appeals his convictions for fraudulent use or possession of identifying information of an elderly person, forgery by check, forgery by check of an elderly person, forgery of a financial instrument, and tampering with a governmental record. In two issues, appellant contends the trial court lacked jurisdiction to hear the cases and render the

judgments and the evidence is insufficient to support the convictions. We affirm the trial court's judgments.

## BACKGROUND

Appellant waived a jury and pleaded guilty to the following offenses: fraudulent use or possession of identifying information of an elderly person (cause no. 05-14-00978-CR); forgery by check (cause nos. 05-14-01333-CR and 05-14-01334-CR); forgery by check of an elderly person (cause no. 05-14-01335-CR); forgery of financial instrument (cause no. 05-14-01336-CR); and tampering with a governmental record (cause no. 05-14-01337-CR). *See* TEX. PENAL CODE ANN. §§ 32.21(b), (d), (e-1), 32.51(b)(1), (c-1), 37.10(a)(2), (c)(2)(A) (West 2011 & Supp. 2014). Appellant also pleaded true to two enhancement paragraphs contained in each indictment. After finding appellant guilty and the enhancement paragraphs true, the trial court assessed punishment at twenty-five years' imprisonment on his convictions for fraudulent use or possession of identifying information of an elderly person, forgery by check of an elderly person, and tampering with a governmental record, and ten years' imprisonment on the remaining three forgery convictions.

## TRANSFER ORDER

In his first issue, appellant contends the trial court lacked jurisdiction to hear the cases and render the judgments because they were not transferred to its docket. Appellant argues the cases were presented to the 195th Judicial District Court, and there were no orders transferring the cases from that court to the 291st Judicial District Court where they were heard and the judgments rendered. The State responds that the trial court always had jurisdiction over these cases; therefore, no transfer orders were necessary.

A grand jury formed and impaneled by a district judge inquires "into all offenses liable to indictment," and hears all the testimony available before voting on whether to indict an accused. TEX. CODE CRIM. PROC. ANN. art. 20.09, 20.19 (West 2005); *Ex parte Edone*, 740 S.W.2d 446, 448 (Tex. Crim. App. 1987). A grand jury is "often characterized as an arm of the court by which it is appointed rather than an autonomous entity." *Dallas Cnty. Dist. Attorney v. Doe*, 969 S.W.2d 537, 542 (Tex. App.–Dallas 1998, no pet.). After the conclusion of testimony, a grand jury votes "as to the presentment of an indictment." TEX. CODE CRIM. PROC. ANN. art. 20.19. Following presentment, an indictment is filed in a court with competent jurisdiction, i.e., jurisdiction to hear the case. *See Hultin v. State*, 171 Tex. Crim. 425, 351 S.W.2d 248, 255 (1961).

In counties having two or more district courts, the judges of the courts may adopt rules governing the filing, numbering, and assignment of cases for trial, and the distribution of the courts' work they consider necessary or desirable to conduct the business of the courts. *See* TEX. GOV'T CODE ANN. § 24.304 (West 2004); *see also* TEX. GOV'T CODE ANN. § 74.093 (West 2013) (addressing adoption of local rules of administration to provide, in part, for assignment, docketing, transfer, and hearing of all cases). Thus, a specific district court may impanel a grand jury, but it does not necessarily follow that all cases returned by the grand jury are assigned to the impaneling court. *See Bourque v. State*, 156 S.W.3d 675, 678 (Tex. App.–Dallas 2005, pet. ref'd).

While the record shows the 195th Judicial District Court presided over the grand jury that returned the six indictments, the cases were thereafter filed in the 291st Judicial District Court. We take judicial notice that both of these courts are located in Dallas County. Nothing in the record indicates the cases were ever filed in or appeared on the trial docket of the 195th Judicial

District Court. Because the 291st Judicial District Court had jurisdiction to hear appellant's cases and render the judgments, we overrule appellant's first issue.

INSUFFICIENT EVIDENCE

In his second issue, appellant contends the evidence is insufficient to support his convictions for forgery by check (cause nos. 05-14-01333-CR and 05-14-01334-CR), forgery of a financial instrument (cause no. 05-14-01336-CR), and tampering with a governmental record (cause no. 05-14-01337-CR). Appellant argues there is no evidence admitted in support of his guilty pleas, in violation of article 1.15 of the Texas Code of Criminal Procedure, because the judicial confessions were not marked as exhibits in the cases. The State responds the evidence is sufficient to support the convictions.

Article 1.15 provides that when a defendant waives his right to a jury trial and pleads guilty, the State need only introduce sufficient evidence to support the plea and establish the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Wright v. State,* 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. *McGill v. State,* 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.); *see Ex parte Martin,* 747 S.W.2d 789, 791–92 (Tex. Crim. App. 1988) (op. on reh'g). The evidence sufficiently supports a plea of guilty if it embraces every element of the offense charged. *Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

The records in these cases show the trial court admitted appellant's "signed judicial confession and stipulation of evidence in each of the six cases" without objection. Appellant's signed pleas of true to the enhancement paragraphs in each of the six cases was also admitted without objection. The judicial confessions are included in the appellate record. A judicial confession acknowledging guilt of the indictment's allegations is sufficient to meet the

requirements of Article 1.15. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979.

Moreover, appellant testified under oath that he committed the offenses as alleged in the indictments. Appellant's testimony embraced every essential element of the offenses charged and was sufficient evidence to establish his guilt. As such, it was sufficient to support appellant's pleas and the findings of guilt under article 1.15. *See Stone*, 919 S.W.2d at 427. We overrule appellant's second issue.

In each case, we affirm the trial court's judgment.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140978F.U05

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-00978-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-41905-U).
Opinion delivered by Justice Stoddart,
Justices Lang and Schenck participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01333-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F13-31502-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.


Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.


Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01334-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-31526-U).
Opinion delivered by Justice Stoddart,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01335-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F13-41904-U).
Opinion delivered by Justice Stoddart,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01336-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District Court of Dallas County, Texas (Tr.Ct.No. F14-40593-U).
Opinion delivered by Justice Stoddart, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this 31st day of March, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NICHOLAS DAVELL AMOS, Appellant

No. 05-14-01337-CR    V.

THE STATE OF TEXAS, Appellee

Appeal from the 291st Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F14-40594-U).
Opinion delivered by Justice Stoddart,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered this March 31st of March, 2015.