**Affirmed and Opinion Filed August 9, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01466-CR

**CHRISTOPHER MICHAEL GILL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-24635-R**

## MEMORANDUM OPINION

Before Justices Myers, Stoddart, and Whitehill
Opinion by Justice Whitehill

Christopher Michael Gill appeals his conviction for aggravated assault causing serious bodily injury. In a single issue, appellant contends the proper verdict was one of not guilty by reason of self-defense. We affirm the trial court's judgment.

BACKGROUND

In October 2010, appellant waived a jury and pleaded guilty to aggravated assault causing serious bodily injury. *See* TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). The trial court found the evidence sufficient to substantiate appellant's guilt, but deferred a guilt finding and took the case under advisement. In December 2010, the trial court continued the proceedings for sentencing, hearing testimony from appellant, his father, and his maternal grandmother.

During the sentencing hearing, appellant testified that on the date of the offense, he and the complainant had met at a motel and had sex. The complainant consumed alcohol and Xanax while at the motel. Appellant and the complainant had an argument, during which he smashed her cell phone after she slapped him in the face. Appellant ordered her out of the room, but she refused to leave and began "tearing things up." He admitted that he struck her in the face several times and pushed her over the bed, which caused her to hit her head and scrape her shoulder. He further testified that he got a "cold rag" from the bathroom and gave it to her because her nose was bleeding. Appellant did not know that her nose was broken, and he denied that she lost consciousness at any time. Appellant also said that he told her that he was sorry before he left the motel.

Photographs of the complainant taken at the hospital were admitted into evidence without objection. The photographs showed blood in her nose and mouth, a large laceration on her shoulder, and bruises over her arms.

The trial court found appellant guilty of aggravated assault causing serious bodily injury and sentenced him to fifteen years' imprisonment.

In November 2015, the court of criminal appeals granted appellant an out-of-time appeal.

APPLICABLE LAW

Code of criminal procedure Article 1.15 provides that when a defendant waives his right to a jury trial and pleads guilty, the State need only introduce sufficient evidence to support the plea and establish the defendant's guilt. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Wright v. State,* 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). The supporting evidence need not prove the defendant's guilt beyond a reasonable doubt. M*cGill v. State,* 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.); *see Ex parte Martin,* 747 S.W.2d 789, 791–92 (Tex. Crim. App. 1988) (op. on reh'g). And the evidence

sufficiently supports a guilty plea if it embraces every element of the offense charged. *Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

DISCUSSION

Appellant's sole issue argues that the proper verdict in this case was one of not guilty by reason of self-defense. Appellant asserts that while the testimony does not "precisely contradict his judicial confession" it nonetheless raised self-defense. The State responds that the trial court did not err by accepting appellant's guilty plea, convicting him, and sentencing him to prison.

Appellant did not assert a self-defense claim during his testimony at the plea hearing. The record shows that the trial court admitted appellant's "signed judicial confession and stipulation of evidence" without objection. A judicial confession acknowledging guilt of the indictment's allegations meets Article 1.15's requirements. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. [Panel Op.] 1979).

Moreover, appellant testified under oath that he committed the offense as alleged in the indictment. Appellant's testimony embraced every essential element of the offense charged and was sufficient evidence to establish his guilt. As such, it was sufficient to support appellant's plea and the findings of guilt under article 1.15. *See Stone*, 919 S.W.2d at 427. We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
151466F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER GILL, Appellant

No. 05-15-01466-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F09-24635-R.
Opinion delivered by Justice Whitehill.
Justices Myers and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered August 9, 2016.