**AFFIRM; and Opinion Filed April 22, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00187-CR

### HERIBERTO VARELASIDA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F16-50938-X**

## MEMORANDUM OPINION

Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Pedersen, III

Appellant Heriberto Varelasida was charged with the offense of indecency with a child by sexual contact. He waived his right to a jury trial, pled not guilty to the charge, and proceeded to a trial before the court. At the close of evidence, appellant changed his plea to nolo contendere. The court deferred a finding of guilt, and placed him on community supervision for ten years. In one issue on appeal, appellant contends the evidence was insufficient to substantiate his guilt. We affirm the trial court's judgment.

### Background

B.T. testified that her school friend, E.R., looked sad and started to cry while describing what happened to her earlier that morning. B.T. was shocked and concerned, so she told E.R. she should talk to the school counselor, Ms. Mena. B.T. accompanied E.R. to the counselor's office.

Jennifer Mena, the school counselor, testified that she was the first adult that E.R. talked to about what had occurred that morning. E.R. began to cry as she told Mena that her stepfather came into her room early that morning and laid next to her on her bed. E.R. said that he touched her breast and vagina, under her clothing, with his hands. E.R. told Mena that her mother was not home at the time. Following her conversation with E.R., Mena informed the school principal. She also informed E.R.'s mother and law enforcement of E.R.'s outcry.

Wilmer Police Detective Albert Weaver testified that he was dispatched to the school. He interviewed Mena and obtained her written statement regarding E.R.'s outcry. He also spoke with Rhonda Renner, the school principal, and E.R.'s mother. In addition, he scheduled an appointment for a forensic interview of E.R. at the child advocacy center. Following E.R.'s forensic interview, appellant was arrested.

Approximately two weeks later, E.R. recanted her original statement. At trial, E.R. testified that she was upset with appellant because he was trying to replace her own father. She stated that she made up the lie to get appellant in trouble. She acknowledged that she had also lied to her friend, the school counselor, and the forensic interviewer.

Appellant pled not guilty. After both sides rested, appellant moved to reopen his case to change his plea to nolo contendere. The court accepted appellant's change of plea, deferred a finding of guilt, issued an order of deferred adjudication, and placed him on community supervision for ten years. Appellant's motion for new trial was overruled by operation of law. This appeal followed.

**Discussion**

In one issue on appeal, appellant asserts that the State's evidence was insufficient to substantiate guilt as required by article 1.15 of the Texas Code of Criminal Procedure. When a defendant waives his right to a jury trial and enters a plea of no contest, the State is not required to

prove the defendant's guilt beyond a reasonable doubt. *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Article 1.15 of the Texas Code of Criminal Procedure only requires substantiation of the plea. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15; *see also Menefee v. State*, 287 S.W.3d 9, 13–14 (Tex. Crim. App. 2009) (Under Article 1.15, a trial court may not render a conviction without evidence establishing a defendant's guilt, even if the defendant has pled guilty or no contest.). "By its plain terms it requires evidence in addition to, and independent of, the plea itself to establish the defendant's guilt." *Menefee*, 287 S.W.3d at 14. This evidence need not prove the defendant's guilt beyond a reasonable doubt, but it must embrace every essential element of the offense charged. *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no writ).

In this case, appellant was charged with the offense of indecency with a child by sexual contact. A person commits this offense if the person engages in sexual contact with a child younger than seventeen years of age or causes a child to engage in sexual contact. TEX. PENAL CODE ANN. § 21.11(a)(1). A child sexual abuse victim's uncorroborated testimony is sufficient to support a conviction for indecency with a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The State has no burden to produce any corroborating or physical evidence. *Martines v. State*, 371 S.W.3d 232, 240 (Tex. App.—Houston [1st Dist.] 2011, no pet.). Likewise, a child victim's outcry statement alone can be sufficient to support a conviction for a sexual offense. *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). There is no requirement that properly admitted outcry testimony be corroborated or substantiated by the victim or independent evidence. *Rodriguez v. State*, 819 S.W.2d 871, 874 (Tex. Crim. App. 1991).

The record establishes that E.R. was twelve years old when she told several people—her school friend, the school counselor, and the forensic interviewer—that appellant had sexual contact

with her. Mena, the school counselor and outcry witness, testified that E.R. was emotional and crying when she described how appellant touched her breast and vagina under her clothing.

The defense presented E.R.'s testimony that she lied about appellant touching her inappropriately. She explained that she did not like appellant and thought he was trying to replace her father. She acknowledged that her parents had been divorced for seven years and appellant had been in their lives for six years. When the judge asked why she was mad at appellant now, six years after he became part of her life, E.R. replied that she had a lot of pent up anger. She told the judge she did not know why she made up the story about appellant touching her—she just wanted appellant gone. She initially told the judge that she did not know where she got the idea to make up the story. She later testified that the idea came to her after she watched an episode of Law and Order SVU.

Even when a statement is recanted by the victim, the fact finder, as the sole judge of the credibility of the witnesses, is entitled to determine whether to believe the prior statement or the recantation. *Jimenez v. State*, 507 S.W.3d 438, 442–43 (Tex. App.—Fort Worth 2016, no pet.) (citing *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)). A complainant's recantation of an earlier outcry statement does not destroy the probative value of the statement. *Chambers*, 805 S.W.2d at 461; *Martines*, 371 S.W.3d at 241. Here, it was the trial court's role to weigh the evidence, evaluate the credibility of the witnesses, and determine whether to believe E.R.'s initial outcry or her recantation. The court was entitled to disbelieve her recantation. *See Saldaña v. State*, 287 S.W.3d 43, 60 (Tex. App.—Corpus Christi–Edinburg 2008, pet. ref'd) ("A fact finder is fully entitled to disbelieve a witness's recantation.").

The State presented sufficient evidence to establish the essential elements of the offense through the testimony of witnesses, particularly the outcry witness. After weighing the evidence and evaluating the credibility of the witnesses, the trial court found that the evidence proved

appellant's guilt. We conclude that the evidence introduced by the State was sufficient under Article 1.15 to support appellant's plea and the trial court's finding of guilt because the evidence embraced every essential element of the offense for which appellant was tried. *See Menefee*, 287 S.W.3d at 13–14. Accordingly, we overrule appellant's sole issue.

## Conclusion

Having overruled appellant's sole issue, we affirm the trial court's judgment.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

180187F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

HERIBERTO VARELASIDA, Appellant

No. 05-18-00187-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 6, Dallas County, Texas
Trial Court Cause No. F16-50938-X.
Opinion delivered by Justice Pedersen, III.
Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of April, 2019.