**Affirm and Opinion Filed August 15, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00489-CR**

**CORDARIUS TYRELL GOLSTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 292nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F18-76768**

## MEMORANDUM OPINION

Before Justices Nowell, Goldstein, and Breedlove
Opinion by Justice Breedlove

Appellant Cordarius Tyrell Golston was convicted of manslaughter after a bench trial and sentenced to a term of imprisonment of 12 years. Appellant appeals, complaining that the evidence was legally insufficient to support the verdict. We affirm the trial court's judgment.

## I. BACKGROUND

This case arises from an altercation that occurred between two groups of men—the "Jones" group, consisting of appellant, the victim Nicholas Diggs, and several other friends; and the "Brown" group, consisting of Josh Brown and several of his

friends. On November 23, 2018, the Jones group went out to celebrate Cuiney Jones's birthday. The group first went to a club called Town House where they encountered the Brown group. Brown had harassed Jones on social media about Jones's girlfriend. According to appellant, he and Brown exchanged words about Brown's problems with appellant's friends while there.

The Jones group left Town House and went to Dallas Cabaret South. The security guard was hesitant to let Jones in due to his level of intoxication but ultimately relented. Approximately 10–15 minutes later the Brown group arrived. Appellant testified that he and Brown exchanged words at a more heated level than at Town House.

Sidney Williams, a security guard at the Dallas Cabaret South, saw appellant's group arrive. Later, appellant and one of his friends came out of the club, and Williams described appellant as upset. Appellant wanted his friend to tell some unknown person or persons in the club to come outside and "handle it like a man." Appellant's friend told him to calm down because Williams was not going to go for that. Appellant told his friend that "the murder rate in this mother fucker is about to go up." The friend told appellant they needed to get away from the club, so appellant and some of the other men in their group walked across the street to a shopping center parking lot.

Brown's group exited the club and went across the street to where the Jones group was congregated. Williams heard the groups exchanging words, and then he

saw a "gang or group fight" break out. Two or three men attacked appellant. Appellant testified that he was pistol whipped during the fight. He further testified that once he broke free of the men who attacked him, he heard Brown say, "Man, pop the trunk. Pop the trunk. Open the car. Open the car." Appellant took this as an indication that Brown was going for a firearm. Appellant got a gun out of his friend's vehicle, aimed for Brown, and ended up shooting both Brown and appellant's friend Diggs. Williams described appellant's shooting as "sporadic" and "indiscriminate." He saw Diggs fall while appellant was shooting. Diggs died from a gunshot wound to the neck.

A grand jury indicted appellant for murder. Appellant pleaded no contest without an agreed sentence recommendation from the State, waived his right to a jury trial, and proceeded to trial before the bench. The court found appellant guilty of the lesser offense of manslaughter and sentenced him to 12 years in prison. Appellant appealed the trial court's judgment on May 20, 2022. In two issues, appellant complains that (1) the evidence was insufficient to prove appellant was guilty of manslaughter; and (2) the evidence was insufficient to disprove self-defense. In response, the State argues that (1) appellant has forfeited his points of error because he did not present his complaints to the trial court; (2) appellant's first point of error is not cognizable because *Royster v. State*, 622 S.W.2d 443, 446 (Tex. Crim. App. 1981), does not apply to bench trials; and (3) appellant's second point of

–3–

error is not cognizable because the *Jackson v. Virginia* rationality test does not apply to no-contest pleas.

## II.    STANDARD OF REVIEW

In determining whether the evidence is sufficient to support a criminal conviction, we apply well-established standards.  *See Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  We view the evidence in the light most favorable to the verdict and determine whether a rational jury could have found all the elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 313; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010).  The jury, as the fact-finder, may make reasonable inferences from the evidence presented at trial in determining appellant's guilt.  *Hooper v. State*, 214 S.W.3d 9, 14–15 (Tex. Crim. App. 2007).  When there is conflicting evidence, we presume the fact-finder resolved those conflicts in favor of the verdict and defer to that resolution so long as it is supported by the evidence. *Jackson*, 443 U.S. at 326; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

We also defer to the trier of fact's determinations of witness credibility and the weight to be given their testimony.  *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899.  Our role as an intermediate appellate court is restricted to guarding against the "rare occurrence when a factfinder does not act rationally."  *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (quoting *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009)).

# III. DISCUSSION

The State argues that appellant waived his challenges on both issues—therefore, we address waiver before turning to appellant's evidentiary sufficiency challenges.

## A. Waiver of Sufficiency of Evidence Challenge

To preserve error for appellate review, an appellant must show that he objected in the trial court and that his objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012). The issue on appeal must comport with the objection made at trial. *Id.* (citing *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)).

The objecting party must "let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it." *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). A trial court's ruling will not be reversed based on a legal theory that the complaining party did not present to it. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014) (citing *Hailey v. State*, 87 S.W.3d 118, 122 (Tex. Crim. App. 2002)).

Legal sufficiency challenges, if brought under *Jackson* or article 1.15 of the Code of Criminal Procedure, can be raised for the first time on appeal. *Euan v. State*, No. 05-16-00252-CR, 2017 WL 1536514, at *7 (Tex. App.—Dallas Apr. 27, 2017, pet. ref'd) (mem. op., not designated for publication). However, appellant's sufficiency challenge to manslaughter appears to be based neither on *Jackson* nor article 1.15. Appellant has not presented any authority exempting his legal sufficiency challenge from regular error preservation requirements, and we can find none. Therefore, appellant failed to preserve his evidentiary sufficiency regarding the lesser-included offense of manslaughter. *See* Tex. R. App. P. 33.1(a)(1)(A); *Clark v. State*, 365 S.W.3d at 339; *see also Wood v. State*, No. 13-13-00130-CR, 2014 WL 5499908, at *1 (Tex. App.—Corpus Christi-Edinburg Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (dismissing an evidentiary sufficiency challenge on a lesser-included offense argument based on preservation).

Further, appellant did not preserve his challenge to the trial court's rejection of his claim of self-defense because he did not present his claim to the trial court in the form of a request to withdraw his plea or an objection to the trial court's failure to withdraw his plea sua sponte. *See Compton v. State*, No. 05-08-00773-CR, 2010 WL 2698775, at *3 (Tex. App.—Dallas July 9, 2010, no pet.) (mem. op., not designated for publication). We cannot presume that appellant would have pled not guilty or otherwise changed his defense strategy had he known the court was considering manslaughter rather than murder, and he never asked the trial court to

allow him to do so when the trial court was in a position to consider it. We overrule

appellant's first and second issues. *See Pena*, 285 S.W.3d at 464; *Story*, 445 S.W.3d

at 732.[1]

## IV. CONCLUSION

We affirm the trial court's judgment.

220489f.p05

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE

---

[1] Even if appellant had properly preserved his evidentiary sufficiency challenges for our review, we would still overrule appellant's two issues on the merits. As to appellant's first issue, although we have never considered the issue in this Court, we concur with our sister court that the *Royster* test upon which appellant's first issue rests is applicable only to jury trials. *See Johnson v. State*, No. 04-08-00919-CR, 2010 WL 3249895, at *4 (Tex. App.—San Antonio Aug. 18, 2010, no pet.) (mem. op., not designated for publication) (providing an analysis for why Royster is only applicable in the jury context). As to appellant's second issue, when a defendant enters a guilty plea, there is no constitutional requirement that the State offer evidence of guilt to corroborate defendant's plea. *See Euan*, 2017 WL 153614, at *7. Accordingly, courts do not apply the *Jackson* rationality test when a defendant pleads guilty. *Wright v. State*, 930 S.W.2d 131, 132 (Tex. App.—Dallas 1996, no pet.). A plea of no contest has the same legal effect as a guilty plea under Texas law. TEX. CODE CRIM. PROC. ANN. art. 27.02(5). Therefore, appellant's second argument that the State did not successfully disprove self-defense is without merit. *See Euan*, 2017 WL 153614, at *7.

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

CORDARIUS TYRELL GOLSTON,
Appellant

No. 05-22-00489-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 292nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1876768-V.
Opinion delivered by Justice
Breedlove. Justices Nowell and
Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 15th day of August, 2023.